979 So.2d 1179 (2008)
Yevgeniy GASILOVSKY, Appellant,
v.
Julie BEN-SHIMOL, etc., Appellee.
No. 3D07-1924.
District Court of Appeal of Florida, Third District.
April 23, 2008.
Lowy and Cook and Ronald S. Lowy, Miami Beach, for appellant.
Julie Ben-Shimol, in proper person.
Before GERSTEN, C.J., and RAMIREZ and CORTIÑAS, JJ.
PER CURIAM.
Yevgeniy Gasilovsky ("Gasilovsky") appeals a temporary injunction for protection against repeat violence pursuant to section 784.046, Florida Statutes (2006). We reverse.
To enter an injunction for "repeat violence," a trial court must find that the respondent committed at least two incidents of violence or stalking. § 784.046(1)(a), Fla. Stat. (2006); see also Terrell v. Thompson, 935 So.2d 592 (Fla. 1st DCA 2006). One of these acts must have been committed within six months of filing a petition for protection from repeat violence. Further, each act of violence and/or stalking must be proven by competent substantial evidence. Smith v. Melcher, 975 So.2d 500 (Fla. 2d DCA 2007).
A finding of only one incident of violence does not constitute "repeat violence" under section 784.046, Florida Statutes. Darrow v. Moschella, 805 So.2d 1068 (Fla. 4th DCA 2002). Here, the trial judge based his findings solely on three acts stemming from a single violent incident. These acts were not separated by time or distance. Thus, the trial court's ruling does not support a finding of the two incidents of violence and/or stalking necessary to constitute repeat violence under the statute.
Accordingly, we reverse the temporary injunction for protection against repeat violence.
Reversed and remanded with instructions to vacate the temporary injunction.