WARNER, J.
 

 The trial court entered a permanent injunction for protection against sexual violence against appellant, Harvey Ostrow, over an incident involving a child. Because the trial court did not find that an act of sexual violence occurred, and the evidence is insufficient to sustain such a finding, the trial court erred in entering the injunction. We reverse.
 

 A mother filed a petition for protection against repeat violence by Ostrow against her child. When the trial court denied an ex parte temporary injunction and set it for a hearing, the mother then filed a petition for protection against sexual violence. The trial court conducted a hearing at which the child testified. The child recounted an incident in which she was sitting at the YMCA during summer camp with her fellow campers and counselors. Ostrow, her neighbor, came in to work out. He engaged her in conversation and then began to chase her and tickle her. At some point he “tackled” her, got on her back, and it “felt like he was humping
 
 *238
 
 me.”
 
 [1]
 
 She did not testify that he touched her buttocks or genitals. She said she was scared. During cross-examination, she denied bothering Ostrow or throwing water on him. The entire incident occurred in front of many people in a hallway of the building. Her camper friends and counselors were right there, including the child’s best friend. A couple of days later, Os-trow was again at the YMCA while the child was there. He came up to the group of campers and stared at the child for several minutes until counselors asked him to go to the workout center.
 

 The child’s friend testified at the hearing on behalf of Ostrow. She said that the first incident began when the child threw water on Ostrow and was bothering him. She did not see him tackle the child. Instead, the child fell down, and Ostrow was trying to take the bottle away from the child. She never saw Ostrow touch her. Ostrow testified that he had been harassed by the child and was simply trying to stop the child from throwing water on him. He denied ever touching her.
 

 Despite the highly conflicting evidence, the trial court granted the permanent injunction, although the court did not make an express finding that an act of sexual violence occurred. Instead, the judge appeared to believe that the child was engaged in throwing water on Ostrow. He chastised Ostrow for not going to a counselor to deal with the child. The court then tied the water throwing incident together with the staring incident:
 

 You should have gone to a counselor, you should have gone to an adult, you should have done something else. The other situation apparently a couple of days later, you actually walked up, according to the testimony and your testimony is that you, you know, you didn’t realize that she was there or you weren’t, you didn’t realize they were actually talking to you but you’re the only adult there, you walked right up to where she’s sitting at and according to the young Ms. Imler tried to intimidate her and she was scared. The bottom line is when you take each of these individual situations individually it may not be a problem but if you take everything together in this case I see a problem.
 

 The court acknowledged that the evidence presented would never justify a criminal conviction but stated that the petitioner only had to show that she had reasonable cause to believe that the child was in imminent danger of being a victim of sexual battery violence. Under that standard, he would grant the injunction.
 

 Appellant moved for rehearing, claiming that he did not have notice of the change of the petition from one for repeat violence to one for sexual violence. He also maintained that no act of sexual violence had been proved. Later, he amended the motion to seek to dissolve the injunction based upon new evidence, namely that the YMCA had video surveillance which would show the entire incident. In addition, criminal charges filed against appellant upon the mother’s complaint to the state attorney were dismissed after depositions of other witnesses showed substantial conflicts in their testimony.
 

 Another trial judge heard the motion to dissolve and motion for rehearing. He refused to allow Ostrow to present the testimony of witnesses at the hearing on
 
 *239
 
 the motion to dissolve.
 
 [2]
 
 Instead, he read the transcript of the original hearing, determined that there was a factual basis for the injunction, and denied rehearing, stating that he was “reluctant ... to overturn what another circuit court judge has done after a full hearing.” Thus, he denied both motions. From this ruling, Ostrow appeals.
 

 Section 784.046 provides a parent of a minor child a cause of action for an injunction against a person who commits an act of sexual violence against the child. “Sexual violence” is defined to include “a lewd or lascivious act, as defined in chapter 800, committed upon or in the presence of a person younger than 16 years of age.” § 784.046(l)(c)2., Fla. Stat. To enter a final judgment of injunction for sexual violence, the court must find an act of sexual violence occurred, just as the court must find that two acts of violence occurred in order to secure an injunction for repeat violence.
 
 See, e.g., Gasilovsky v. Ben-Shimol,
 
 979 So.2d 1179 (Fla. 3d DCA 2008). Each act must be proved by competent substantial evidence.
 
 Id. See also Sorin v. Cole,
 
 929 So.2d 1092 (Fla. 4th DCA 2006).
 

 Section 800.04 prohibits lewd and lascivious acts. Only one section could apply to the facts of this case. Section 800.04(6)(a) provides that: “A person who: ... Intentionally touches a person under 16 years of age in a lewd or lascivious manner ... commits lewd or lascivious conduct.” The terms lewd and lascivious are indicative of sexual conduct, and are synonyms that connote wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator.
 
 Fretwell v. State,
 
 852 So.2d 292, 298 (Fla. 4th DCA 2003);
 
 Chesebrough v. State,
 
 255 So.2d 675, 677 (Fla.1971);
 
 Boles v. State,
 
 158 Fla. 220, 27 So.2d 293, 294 (Fla.1946). As noted in
 
 M.L.C. v. State,
 
 875 So.2d 810, 812 (Fla. 2d DCA 2004), “a lewd or lascivious purpose imports more than a negligent disregard of the decent proprieties and consideration due to others.” (internal quotations omitted). In
 
 M.L.C.,
 
 the court found the evidence insufficient to constitute lewd and lascivious behavior where M.L.C. made “split-second” contact with two girls’ buttocks while they were waiting at a school bus stop. Each incident was very brief. The court explained that this limited evidence was insufficient to show that the conduct was “grossly indecent, lustful, licentious, or unchaste.”
 
 [3]
 

 Id.
 

 The sole evidence offered of any conduct of a potentially sexual nature in this case was the child’s statement that when Os-trow was on top of her, it felt like “humping.” No one testified that they saw Os-trow moving in a sexual fashion. The child did not say that Ostrow touched her buttocks or her genitals. Her friend testified that she did not see anything like that. The entire incident was very brief and occurred in the presence of many people, both adults and children.
 

 While we have no doubt that conduct described as “humping” certainly can be considered lewd and lascivious depending upon the circumstances,
 
 [4]
 
 the trial judge did not find that a lewd act of “humping” occurred. In fact, he discussed Ostrow’s
 
 *240
 
 conduct in trying to grab the bottle of water from the child, thus disregarding the child’s testimony that this did not happen. The judge told Ostrow that when the child was bothering him, he should have gone to the camp counselors instead of trying to deal with the situation himself. Most importantly, the trial judge said, “The bottom line is when you take each of these individual situations individually
 
 it may not be a problem,.”
 
 Since a petition for sexual violence requires proof of only one act, and here only one act could even conceivably be considered an act of sexual violence, the fact that the court has determined that the act alone “is not a problem” can only mean that the trial judge did not find that a lewd and lascivious act occurred. We would agree with that, because the evidence is simply insufficient to show that the act in this case, however it may be described by the child, constituted an act which was “wicked, lustful, unchaste, licentious, or sensual design on the part of the perpetrator.” Getting on top of the child to wrestle away a bottle was inappropriate, but it did not constitute lewd and lascivious conduct within the meaning of the statute.
 

 It appears that the court was concerned that a bigger “situation” had developed between Ostrow and the child after the staring incident. However, not only did the staring incident not amount to a second incident of violence for which an injunction for repeat violence might be sought, nothing about it constituted an act of sexual violence. Here, the findings by the trial court and the evidence presented were simply insufficient to prove the necessary element to permit an injunction for sexual violence.
 

 Because the trial court did not find that a lewd and lascivious act occurred, and the evidence would be insufficient to support such a finding, we reverse the final judgment of injunction.
 

 LEVINE, J., and McCANN, JAMES, Associate Judge, concur.
 

 [1]
 

 . The child did not further describe what she meant by this. "Humping” is usually a slang expression for the act of sexual intercourse.
 

 [2]
 

 .Were we not reversing the permanent injunction for failure of proof, the failure to permit an evidentiary hearing on the motion to dissolve would necessitate a reversal.
 
 See Betterman v. Kukelhan,
 
 977 So.2d 702 (Fla. 4th DCA 2008).
 

 [3]
 

 . The court, however, affirmed a finding of lewd molestation relative to a breast-touching incident with one of the girls.
 
 Id.
 

 [4]
 

 .
 
 See, e.g., Altman v. State,
 
 852 So.2d 870 (Fla. 4th DCA 2003).