# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 18, 2010

No. 09-20538

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

MARTIN ACOSTA,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-cr-00054

Before BARKSDALE, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

The defendant, Martin Acosta, was sentenced to 30 months of imprisonment for illegal reentry pursuant to 8 U.S.C. § 1326(a) and (b)(2). He appeals, challenging the district court's imposition of a 16-level offense level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii) for having been "previously deported" following a "conviction for a felony that is . . . a crime of violence." The district court adopted the Pre-Sentence Report's recommendation that this enhancement be applied in light of Acosta's two prior convictions under Florida

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-20538

Statute § 800.04(6)(a). Acosta argues on appeal, as he did below, that § 800.04(6)(a)—which criminalizes lewd or lascivious conduct committed upon or in the presence of persons less than 16 years of age—is not a crime of violence justifying the enhancement because it does not involve "abuse" of the victim. We disagree and AFFIRM.

"The district court's characterization of [a defendant's] prior conviction" for the purposes of a Sentencing Guidelines enhancement "is a question of law that we review *de novo.*" *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005).

Acosta acknowledges that U.S.S.G. § 2L1.2(b)(1)(A)(ii) defines "crime of violence" to include those offenses involving "sexual abuse of a minor." § 2L1.2(b)(1)(A)(ii). *See* U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). "We use a common-sense approach to determine if a prior conviction is categorically [such] an enumerated offense [e.g., "sexual abuse of a minor"], deciding whether an offense is sexual abuse of a minor according to [the offense's] ordinary, contemporary and common meaning." *United States v. Munoz-Ortenza*, 563 F.3d 112, 114 (5th Cir. 2009). Acosta further concedes that we are required to conclude that a conviction is for "sexual abuse of a minor" if our common sense approach determines that the offense involved conduct that (1) "involve[d] a minor"; (2) was "sexual" in nature; and (3) was "abus[ive]" towards the minor. *See Izaguirre-Flores*, 405 F.3d at 275.

Florida Statute § 800.04(6)(a) makes it a felony to "1. [i]ntentionally touch[] a person under 16 years of age in a lewd or lascivious manner; or 2. [s]olicit[] a person under 16 years of age to commit a lewd or lascivious act." The parties dispute whether we can determine from the record which prong of § 800.04(6)(a) Acosta was convicted under. However, we need not resolve this disagreement. Acosta concedes that if intentionally touching a person under 16 years of age in a lewd or lascivious manner necessarily involves "sexual abuse

of a minor," then so does soliciting a person under 16 years of age to commit a lewd or lascivious act. Therefore, because we conclude below that the offense of intentionally touching a person under 16 years of age in a lewd or lascivious manner necessarily is "sexual abuse of a minor," we conclude that a conviction under either prong of Florida Statute § 800.04(6)(a) is a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii).

Acosta does not challenge that a conviction for intentionally touching a person under 16 years of age in a lewd or lascivious manner necessarily involves a minor. Moreover, he explains that under Florida law "lewd" and "lascivious" have the same meaning and are defined as "'a wicked, lustful, unchaste, licentious, or sensual intent on the part of the person doing an act.'" Def. Br. 15 (quoting *In re Standard Jury Instructions in Criminal Cases—Report No. 2008-02*, 998 So. 2d 1138, 1140 (Fla. 2008)). Therefore, Acosta concedes that a conviction under § 800.04(6)(a) is an "inherent[ly]" sexual offense. *Id.*

We have previously defined "abuse" as conduct that results in either physical or psychological harm to the child. *See United States v. Zavala-Sustaita*, 214 F.3d 601, 605 (5th Cir. 2000)*; see also Izaguirre-Flores*, 405 F.3d at 275-76. Moreover, we have established a per se rule that "[g]ratifying or arousing one's sexual desires in the . . . presence of a child is" abusive "because it involves taking undue or unfair advantage of the minor and causing such minor psychological—if not physical—harm." *Izaguirre-Flores*, 405 F.3d at 275-76. Therefore, we have recognized that sexually suggestive contact with, or even in the presence of, a minor amounts to sexual abuse of a minor. *United States v. Balderas-Rubio*, 499 F.3d 470, 473 (5th Cir. 2007) (citing *Izaguirre-Flores*, 405 F.3d at 275-76)).

Accordingly, a conviction under § 800.04(6)(a) for touching a minor in a lewd or lascivious manner necessarily involves abuse because it involves sexually suggestive contact with the minor. Consistent with the statute's plain

No. 09-20538

text, the jury instructions for the offense, promulgated by the Florida Supreme Court, establish that an element is that the perpetrator touched the minor in a "lewd or lascivious *manner*." *In re Standard Jury Instructions*, 998 So. 2d at 1140. (emphasis added). As noted above, Acosta concedes "lewd or lascivious" indicates that the perpetrator acted with sexual intent. Therefore, to be found to have acted in a "lewd or lascivious *manner*" the perpetrator necessarily must have touched the minor so as to communicate or exhibit his sexual desire. *See Ostrow v. Imler ex rel. D.I.*, 27 So. 3d 237, 239 (Fla. Dist. Ct. App. 2010) (stating that to be convicted under § 800.04(6)(a)(1), the defendant must have committed "sexual conduct"). As we have explained, such sexually suggestive contact involves abuse because it involves gratifying or arousing one's sexual desires in the presence of a minor, which causes psychological if not physical harm to the minor. *Balderas-Rubio*, 499 F.3d at 473; *Izaguirre-Flores*, 405 F.3d at 275-76.

Therefore, we conclude that a conviction under Florida Statute § 800.04(6)(a) constitutes a conviction for "sexual abuse of a minor," which is a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii). Accordingly, we AFFIRM the sentence. Acosta moved to withdraw his request for oral argument and have this case decided expeditiously. That motion is GRANTED.

4