# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-41209

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

VICTOR MANUEL CORTEZ-CORTEZ,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

October 29, 2014

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas

Before DAVIS, DeMOSS, and ELROD, Circuit Judges.

DeMOSS, Circuit Judge:

Appellant Victor Manuel Cortez-Cortez appeals the 30-month sentence imposed by the district court following his guilty plea conviction under 8 U.S.C. § 1326 for being unlawfully present in the United States following deportation. Cortez argues that the district court erred in imposing a 16-level enhancement pursuant to United States Sentencing Guidelines (U.S.S.G.) § 2L1.2(b)(1)(A)(ii) based on its finding that his 2006 Indiana conviction for sexual misconduct with a minor constituted sexual abuse of a minor. We AFFIRM.

No. 13-41209

## I.

Cortez pleaded guilty to illegal reentry pursuant to 8 U.S.C. § 1326. His base offense level was eight. The district court imposed a 16-level crime of violence enhancement. Cortez received a two-level reduction for acceptance of responsibility, resulting in a total offense level of 22. Combined with a criminal history category of II, his guidelines range was 46 to 57 months' imprisonment. Because of the year of the prior conviction, the district court varied downward and sentenced Cortez to 30 months' imprisonment and three years of supervised release. Cortez timely appealed.

Cortez argues that Indiana Code § 35-42-4-9(b)(1) criminalizes conduct that is broader than the generic, contemporary meaning of "sexual abuse" because it criminalizes otherwise innocent conduct if such was for the purpose of sexual gratification. He asserts that the plain meaning of the term "sexual abuse" requires the abusive conduct to be sexual in nature. Finally, he argues that the statute punishes acts that do not constitute abuse because they do not necessarily produce psychological or physical harm.

## II.

Section 2L1.2(b) provides for a 16-level increase in the base level if a defendant was previously deported after being convicted of a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). A crime of violence is defined, in relevant part, as a specific enumerated offense, including "forcible sex offenses . . . , statutory rape, [and] sexual abuse of a minor[.]" *Id.* § 2L1.2, cmt. n.1(B)(iii). We review de novo the district court's characterization of an offense as a crime of violence. *United States v. Izaguirre–Flores*, 405 F.3d 270, 272 (5th Cir. 2005).

This court has adopted a plain-meaning approach to determine the generic, contemporary meaning of an offense not defined at common law, as is the case for "sexual abuse of a minor." *United States v. Rodriguez*, 711 F.3d 541, 552, 558 (5th Cir.) (en banc), *cert. denied*, 134 S.Ct. 512 (2013). To

determine the generic, contemporary meaning of "sexual abuse of a minor" under the plain-meaning approach, we look to "its common usage as stated in legal and other well-accepted dictionaries." *Id.* at 552. Next, "we look to the elements of the state statute of conviction and evaluate whether those elements comport with the generic meaning of the enumerated offense category." *Id.* at 552-53.

This court has previously held that "[t]here is almost no controversy over deciding what 'sexual' means." *Contreras v. Holder*, 754 F.3d 286, 294 (5th Cir. 2014). "Sexual" is defined as "'[o]f, pertaining to, affecting, or characteristic of sex, the sexes, or the sex organs and their functions.'" *United States v. Zavala–Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000) (alteration in original) (quoting THE AMERICAN HERITAGE DICTIONARY 1124 (2d College ed. 1982). We have also found that an act is "sexual" if it has "sexual arousal or gratification as its purpose." *Izaguirre–Flores*, 405 F.3d at 275. "Sexual abuse" is generally defined as "'[a]n illegal sex act, esp[ecially] one performed against a minor by an adult.'" *Id.* at 275 (alterations in original) (quoting BLACK'S LAW DICTIONARY 10 (8th ed. 2004)).

"Abuse" is defined "as to 'take unfair or undue advantage of' or 'to use or treat so as to injure, hurt, or damage.'" *Id.* (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 8 (1986)). We have held that conduct is considered "abusive" if it "involves taking undue or unfair advantage of the minor and causing such minor psychological—if not physical—harm." *Id.* at 275-76.

Cortez admits that he was convicted under Indiana Code § 35-42-4-9(b)(1). The statute provides in relevant part:

> (b) A person at least eighteen (18) years of age who, with a child of at least fourteen (14) years of age but less than sixteen (16) years of age, performs or submits to any fondling or touching, of either the child or the older person, with intent to arouse or to satisfy the

No. 13-41209

sexual desires of either the child or the older person, commits sexual misconduct with a minor, a Class D felony. However, the offense is:

(1) a Class C felony if it is committed by a person at least twenty-one (21) years of age[.]

IND. CODE ANN. § 35-42-4-9(b)(1) (West 2005). Cortez was convicted of a Class C felony.

A § 35-42-4-9(b)(1) violation meets the definition of "sexual" because it involves satisfaction of sexual desires. *See Izaguirre–Flores*, 405 F.3d at 275 (defining an act as "sexual" if it has "sexual arousal or gratification as its purpose"). Moreover, a § 35-42-4-9(b)(1) violation also falls within the definition of "sexual abuse," defined as "[a]n illegal or wrongful sex act, esp[ecially] one performed against a minor by an adult." BLACK'S LAW DICTIONARY 11 (9th ed. 2009). Section 35-42-4-9(b)(1) criminalizes sexual conduct against a minor by an adult. Finally, physical contact is not necessary to find that a statute requires that the accused have used force. Conduct can be abusive because of the psychological harm done to a minor, without any physical contact. *See Zavala–Sustaita*, 214 F.3d at 605 (holding that indecent exposure with children under seventeen in violation of the Texas Penal Code constitutes sexual abuse of a minor for purposes of a crime of violence enhancement). Indeed, this court has established a per se rule that gratifying or arousing one's sexual desires in the presence of a child is abusive because it involves taking undue or unfair advantage of the minor. *United States v. Acosta*, 401 F. App'x 972, 973 (5th Cir. 2010) (per curiam) (holding a Florida conviction for touching a minor in a lewd or lascivious manner is sexual abuse of a minor); *see also United States v. Balderas-Rubio*, 499 F.3d 470, 473 (5th Cir. 2007) ("[T]he phrase 'sexual abuse of a minor' is defined broadly to include not only those crimes that involve sexual contact with a minor but also those

crimes that involve sexual conduct in the presence of a minor."); *Izaguirre–Flores*, 405 F.3d at 275–76 (explaining that gratifying or arousing one's sexual desires in the presence of a child is abusive because it involves taking undue or unfair advantage of the minor). As such, we find that Cortez's conviction under the Indiana statute constitutes the enumerated offense of sexual abuse of a minor and is thus a crime of violence pursuant to § 2L1.2.

Our finding is consistent with the Seventh Circuit's holding in *Gaiskov v. Holder*, 567 F.3d 832, 837 (7th Cir. 2009), in which the court rejected the defendant's argument that § 35-42-4-9(b) prohibited innocent physical conduct. The court found that because the statute required specific intent, innocent touching could not be penalized. *Id.* The court further rejected the defendant's argument that the statute prohibited conduct that would not "sufficiently harm[]" a minor victim, finding that that there is an "inherent risk of exploitation" in such offenses in which the victim is a minor and that the offense at issue exposed the victim to significant risk. *Id.* at 837-38.

Cortez cites *Gilliland v. State*, 979 N.E.2d 1049, 1062-63 (Ind. Ct. App. 2012), to demonstrate that Indiana courts broadly interpret the statute at issue such that it applies to conduct that does not comport with the generic, contemporary meaning of sexual abuse of a minor. However, the issue in *Gilliland* was not whether § 35-42-4-9(b) met the generic, contemporary meaning of "sexual abuse of a minor" for purposes of the crime of violence sentencing enhancement. Rather, the court was tasked with determining whether the defendant failed to report child abuse after witnessing a coach give a minor female foot rubs and apply lotion to her back. *Id.* at 1060-63. The defendant argued that the coach's conduct would not lead a reasonable person to believe a sexual crime was committed. *Id.* at 1062. In a footnote, the court held that pursuant to § 35-42-4-9, a foot rub or applying lotion to a minor's back would be a crime if done with the intent to arouse or satisfy sexual desires.

*Id.* at 1063 n.15. The court's finding is thus consistent with this court's previous holdings that conduct occurring in the presence of a minor with the intent of gratifying or arousing a person's sexual desires constitutes sexual abuse of a minor. *See Acosta,* 401 F. App'x at 973; *Balderas-Rubio,* 499 F.3d at 473; *Izaguirre-Flores,* 405 F.3d at 275-76; *Zavala-Sustaita,* 214 F.3d at 604-05.

Because we find that a violation of the Indiana statute constitutes sexual abuse of a minor under § 2L1.2 we AFFIRM the district court's imposition of a 16-level crime of violence enhancement.