# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-40576

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

OSCAR ARNULFO VIGIL,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, and OWEN, Circuit Judges, and MORGAN, District Judge.[*]

MORGAN, District Judge:

Defendant-Appellant Oscar Arnulfo Vigil ("Vigil") was convicted of illegal re-entry after deportation and sentenced to 41 months in prison. The district court applied a 16-level "crime of violence" enhancement based on a prior state-court conviction for sexual battery.  The sole issue on appeal is whether the district court erred by imposing the enhancement. We AFFIRM.

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

No. 13-40576

I.

On January 2, 2013, Vigil was indicted for illegal re-entry into the United States.[1]   He pleaded guilty on February 26, 2013.   There was no plea agreement.

In preparation for sentencing, the district court ordered a pre-sentence report ("PSR").   The PSR calculated a base offense level of 8.   The PSR then applied a 16-level enhancement, finding that a previous conviction for sexual battery under Louisiana Revised Statute § 14.43.1 constituted a "crime of violence" pursuant to United States Sentencing Guidelines Manual 2L1.2(b)(1)(A)(ii) ("U.S.S.G.").   After a 2-level reduction for acceptance of responsibility, Vigil's total offense level was 22.   Combined with a Criminal History Category of II, the PSR calculated a Guidelines range of 46 to 57 months imprisonment.   Vigil objected (1) that the Government had not presented competent evidence to support the 16-level enhancement, and (2) even if properly supported, the Louisiana conviction was not a "crime of violence."

The district court applied the 16-level enhancement required by the Guidelines when there has been a prior conviction for a crime of violence. After granting the Government's motion for an additional 1-point reduction for acceptance of responsibility, the district court calculated a Guidelines range of 41 to 51 months imprisonment and sentenced Vigil to 41 months.   Vigil now appeals his sentence, arguing the district court misapplied the Guidelines because his prior conviction for sexual battery is not a "crime of violence."

---

[1] 8 U.S.C. § 1326(a), (b).

No. 13-40576

II.

We review a district court's application of the Guidelines *de novo*,[2] including whether a prior conviction constitutes a crime of violence.[3] A defendant convicted of illegal re-entry into the United States is subject to a 16-level enhancement if he was convicted of a "crime of violence" prior to his removal or deportation.[4]  The comments to U.S.S.G. §2L1.2(b)(1) define "crime of violence" as one of several enumerated offense categories, including "sexual abuse of a minor."[5]

To determine whether a prior conviction falls into one of these categories, we apply the categorical approach set forth in *Taylor v. United States*.[6]  Under *Taylor*, "we look not to the facts of the particular prior case, but instead to whether the state statute defining the crime of conviction categorically fits . . . the 'generic' definition" of the enumerated offense category.[7]  Where an offense category in the Guidelines is undefined, our en banc court has set forth a four-step analysis for applying *Taylor*:

> First, we identify the undefined offense category that triggers the federal sentencing enhancement. We then evaluate whether the meaning of that offense category is clear from the language of the enhancement at issue or its applicable commentary. If not, we proceed to

---

[2] *United States v. Teran-Salas*, 767 F.3d 453, 457 (5th Cir. 2014).

[3] *United States v. Cortez-Cortez*, 770 F.3d 355, 357 (5th Cir. 2014).

[4] U.S.S.G. § 2L1.2(b)(1)(A)(ii).

[5] *Id.* at cmt. n.1(b)(III).

[6] 495 U.S. 575 (1990).

[7] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1684 (2013) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007)).

No. 13-40576

step two, and determine whether that undefined offense category is an offense category defined at common law, or an offense category that is not defined at common law. Third, if the offense category is a non-common-law offense category, then we derive its "generic, contemporary meaning" from its common usage as stated in legal and other well-accepted dictionaries. Fourth, we look to the elements of the state statute of conviction and evaluate whether those elements comport with the generic meaning of the enumerated offense category.[8]

### III.

We already have held that the offense category at issue in this case—"sexual abuse of a minor"—is neither clearly defined in the Guidelines nor an offense defined at common law.[9]  We thus proceed to the third step and derive the generic, contemporary meaning of the offense category.  In undertaking this task, we do not write on a blank slate.  "There is almost no controversy over deciding what 'sexual' means."[10]  "Sexual" is defined as "[o]f, pertaining to, affecting, or characteristic of sex, the sexes, or the sex organs and their functions."[11]  We  have defined "abuse" as  "'to take unfair or

---

[8] *United States v. Rodriguez*, 711 F.3d 541, 552–53 (5th Cir. 2013) (en banc) (internal footnotes omitted).

[9] *Id.* at 557–58.  The Government argues Vigil's prior conviction for sexual battery also fits a second enumerated offense category—a "forcible sex offense[]."  U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. n.1(b)(III).  This argument presupposes Vigil was convicted under Section (A)(1) of Louisiana's sexual battery statute.  For the reasons explained below, we must assume Vigil was convicted under Section (A)(2).  Accordingly, this argument fails.

[10] *Contreras v. Holder*, 754 F.3d 286, 294 (5th Cir. 2014)

[11] *Id.* (alteration in original) (quoting *United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000)).

undue advantage of' or 'to use or treat so as to injure, hurt, or damage.'"[12]    We have repeatedly endorsed the definition of "sexual abuse" set forth in Black's Law Dictionary, which is "an illegal or wrongful sex act, esp. one performed against a minor by an adult."[13]    Finally,  our en banc court has defined "minor" as a person under the age of eighteen.[14]

We now proceed to the fourth step in the categorical approach, which requires a comparison of the elements of the state statute of conviction with the generic definition of "sexual abuse of a minor" set forth above.    The Louisiana sexual battery statute under which Vigil was convicted provides in pertinent part as follows:

> A. Sexual battery is the intentional touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender, or the touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim, when any of the following occur:
>
> (1) The offender acts without the consent of the victim.
>
> (2) The act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender.
>
> (3) The offender is seventeen years of age or older and any of the following exist:

---

[12] *Cortez-Cortez*, 770 F.3d at 358 (quoting *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005)).

[13] Black's Law Dictionary 11 (9th ed. 2009); *see also Contreras*, 754 F.3d at 294 (quoting Black's Law Dictionary for definition of "sexual abuse"); *Cortez-Cortez*, 770 F.3d at 358.

[14] *Rodriguez*, 711 F.3d at 560.

No. 13-40576

> (a) The act is without consent of the victim, and the victim is prevented from resisting the act because either of the following conditions exist:
> (i) The victim has paraplegia, quadriplegia, or is otherwise physically incapable of preventing the act due to a physical disability.
>
> (ii) The victim is incapable, through unsoundness of mind, of understanding the nature of the act, and the offender knew or should have known of the victim's incapacity.
>
> (b) The act is without consent of the victim, and the victim is sixty-five years of age or older.[15]

Where, as here, the charging statute contains disjunctive subsections,[16] courts apply a "modified categorical approach" to determine "which of [the] statute's alternative elements formed the basis of the defendant's prior conviction."[17] In making this determination, we may consult the charging documents and other adjudicative records to "pare down" the statute to the disjunctive alternative under which the conviction falls.[18] If the relevant judicial documents do not provide conclusive evidence, we assume the defendant's conduct constituted the "least culpable act satisfying the count of conviction."[19]

---

[15] La. Rev. Stat. § 14:43.1.

[16] The statute distinguishes between consensual touchings, non-consensual touchings, and the relative ages of the defendant and the victim.   Accordingly, the statute is disjunctive.

[17] *Descamps v. United States*, 133 S. Ct. 2276, 2284 (2013).

[18] *See United States v. Mohr*, 554 F.3d 604, 607 (5th Cir. 2009).

[19] *United States v. Espinoza*, 733 F.3d 568, 572 (5th Cir. 2013) (quoting *United States v. Houston*, 364 F.3d 243, 246 (5th Cir. 2006)).

No. 13-40576

The only state-court documents available for our review are (1) the bill of information, (2) a "true extract of criminal court minutes," and (3) the "docket report results."   None of these documents provides conclusive evidence of the subsection under which Vigil was convicted.[20]   Accordingly, we presume Vigil committed the least culpable act constituting a violation of the Louisiana sexual battery statute.[21]   Both parties agree that this conduct is set forth in Section (A)(2) of Louisiana Revised Statute 14:43.1.

The elements of a Section (A)(2) sexual battery are (1) an intentional, (2) consensual (3) touching of the anus or genitals of a victim who is (4) not the spouse of the offender, (5) under the age of 15, and (6) at least three years younger than the offender.[22]   When comparing these six elements against the generic definition of sexual abuse—"an illegal or wrongful sex act, esp. one performed against a minor by an adult"—we find a categorical "fit" that justifies the district court's imposition of a sentencing enhancement.

---

[20] The bill of information does not specifically identify the applicable subsection of the sexual battery statute.   It charges that Vigil "committed the offense of Sexual Battery, violating Louisiana Revised Statute 14:43.1, in that . . . the defendant intentionally touched the genitals of G.H., a juvenile under the age of fifteen years."   This document is of no help, because it does not identify Vigil's age or whether the touching was consensual.   The criminal court minutes merely provide that Vigil was "guilty as charged."   The docket report results are similarly unhelpful.

[21] The Government contends Vigil must have been charged under the non-consensual touching subsection of the battery statute—Section A(1)—because Louisiana law precludes children from having the capacity to consent to sex.   This argument is quickly dismissed. It is a basic cannon of statutory construction that "[w]hen interpreting a statute, all parts of a statute should be given effect, and an interpretation making any part superfluous or meaningless should be avoided."   Accepting the Government's argument would render the second prong of the statute superfluous because every consensual touching of a person under fifteen years of age would necessarily also be a non-consensual touching in violation of the first prong.

[22] *See* La. Rev. Stat § 14:43.1(A)(2).

No. 13-40576

IV.

The district court applied the Guidelines correctly.   We AFFIRM.