# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40085
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARIO A. IRIAS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:14-CR-771-1

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:[*]

Mario Irias pled guilty to illegally reentering the United States after his deportation, in violation of 8 U.S.C. § 1326(a) and (b)(2). Irias's presentence report, prepared by a probation officer, recommended a sentence of 46 to 57 months in prison after including a 16-level "crime of violence" enhancement for Irias's 2001 California conviction for continuous sexual abuse of a child. The district court sentenced him to 46 months. Irias now challenges that sentence,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40085

arguing that that the district court erred in applying the "crime of violence" enhancement. He also challenges the district court's treatment of his California conviction as an "aggravated felony" under 8 U.S.C. § 1326(b)(2). We affirm.

As an initial matter, Irias concedes that he did not object to the enhancement at sentencing. Thus, we review for plain error. *See United States v. Gonzalez-Ramirez*, 477 F.3d 310, 311 (5th Cir. 2007).

A defendant convicted of illegal re-entry is subject to a 16–level enhancement if he was convicted of a "crime of violence" prior to his removal. U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) (2014). The application notes to § 2L1.2 enumerate the offenses that qualify as a "crime of violence"—"sexual abuse of a minor" is one. *Id.* cmt. n.1(B)(iii). When an offense category is "neither clearly defined in the Guidelines nor an offense defined at common law"—as we have held is true for "sexual abuse of a minor"—then we derive its "generic, contemporary meaning" from "common usage as stated in legal and other well-accepted dictionaries." *United States v. Vigil*, 774 F.3d 331, 334 (5th Cir. 2014) (quoting *United States v. Rodriguez*, 711 F.3d 541, 552 (5th Cir. 2013) (en banc)). We have previously defined the key terms in the phrase "sexual abuse of a minor" according to this method:

> "Sexual" is defined as "[o]f, pertaining to, affecting, or characteristic of sex, the sexes, or the sex organs and their functions." We have defined "abuse" as "'to take unfair or undue advantage of' or 'to use or treat so as to injure, hurt, or damage.'" We have repeatedly endorsed the definition of "sexual abuse" set forth in Black's Law Dictionary, which is "an illegal or wrongful sex act, esp. one performed against a minor by an adult." Finally, our en banc court has defined "minor" as a person under the age of eighteen.

*Id.* (citations omitted).

No. 15-40085

Having determined the "generic, contemporary meaning" of "sexual abuse of a minor," we must next determine whether the California statute defining Irias's offense of conviction comports with that generic meaning. *Id.* Irias was convicted of continuous sexual abuse of a child, in violation of Cal. Penal Code § 288.5(a). In 1996,[1] § 288.5(a) contained disjunctive elements as it applied to any person either residing in the same home as a minor child, or having recurrent access to the child: it prohibited such persons from engaging in either (1) three or more acts of "substantial sexual conduct" or (2) three or more acts of "lewd or lascivious conduct." *See* Cal. Penal Code § 288.5(a) (West 1996). To determine which of these disjunctive elements formed the basis of Irias's conviction, we can look at so-called *Shepard* documents, which include the charging document and the judgment. *See United States v. Garcia–Arellano*, 522 F.3d 477, 480–81 (5th Cir. 2008). We consult these documents "only for the limited purpose of ascertaining which of the disjunctive elements the charged conduct implicated." *United States v. Miranda-Ortegon*, 670 F.3d 661, 663 (5th Cir. 2012). Here, Irias's charging document and judgment indicate that he was charged with and convicted of residing in the same home as the victim and engaging in three or more acts of "substantial sexual conduct" with the victim.

In 1996, the California Penal Code defined "substantial sexual conduct" as the "penetration of the vagina or rectum of either the victim or the offender by the penis of the other or by any foreign object, oral copulation, or masturbation of either the victim or the offender." Cal. Penal Code § 1203.066(b) (West 1996). Irias's charging document and judgment do not reflect which one of these disjunctive elements formed the basis of his

---

[1] Irias's offense conduct occurred between 1996 and 1999. The provisions of § 288.5(a) did not change between 1996 and 1999. We cite to the 1996 version of § 288.5(a) in this analysis.

conviction, so it is not possible to narrow Irias's offense any further. Consequently, we must determine whether the "least culpable act" constituting a violation of the statute can be considered sexual abuse of a minor for purposes of § 2L1.2's crime-of-violence enhancement. *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008). The least culpable act criminalized by the California statute is "masturbation of either the victim or the offender," three or more times, with a victim under the age of fourteen who resides in the same home as the offender. We conclude that such an act easily fits within our generic definition of sexual abuse as "an illegal or wrongful sex act, esp. one performed against a minor by an adult." *Vigil*, 774 F.3d at 334. That means the district court did not err, plainly or otherwise, by applying the enhancement.

Irias responds in three ways. First, he argues that the generic definition of "sexual abuse of a minor" should require an age differential of at least four years between the victim and perpetrator. But he concedes, correctly, that this argument is foreclosed by *Rodriguez*, 711 F.3d at 562 n.28.

Second, he argues that the "sexual abuse of a minor" category is narrower than § 288.5(a) because we have defined "sexual" to require that the perpetrator act with the purpose of "sexual gratification," and § 288.5(a) has no such requirement. Irias misreads our case law. We have repeatedly defined the term "sexual" without reference to a purpose of sexual gratification. *See, e.g.*, *Vigil*, 774 F.3d at 334. So this argument fails.

Finally, he argues that the "sexual abuse of a minor" category is narrower than § 288.5(a) because the word "abuse" requires that the victim be physically or psychologically harmed, and § 288.5(a) lacks this requirement. He further contends that the least culpable act criminalized by the statute would not result in physical or psychological harm. Specifically, he suggests

that the following hypothetical scenario could support a conviction under the statute: "three instances of a girl . . . one day under 14 masturbating in front of her live-in friend . . . one day over 14." He asserts that "this sort of consensual sexual activity between young teenagers" would not result in psychological harm to either party. But Irias cannot rely on "legal imagination" to conjure a theoretical possibility that § 288.5(a) criminalizes conduct beyond our generic definition. *United States v. Ramos-Sanchez*, 483 F.3d 400, 403 (5th Cir. 2007) (citation omitted). He must demonstrate a realistic probability that it does, by "point[ing] to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues." *Id.* at 403-04. Irias's own case does not provide such an example—he was in his thirties at the time of the offense—and he has failed to point to any other case that does. Thus, we hold that "he has failed to show a realistic probability that [California] would in fact punish conduct of the type he describes." *Id.* at 404.

Irias also challenges the district court's treatment of his California conviction as an "aggravated felony" under 8 U.S.C. § 1326(b)(2). As defined by the statute, the term "aggravated felony" includes, among other offenses, "sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). We interpret the phrase "sexual abuse of a minor" the same with respect to both § 1326(b)(2) and the guidelines. *See United States v. Najera-Najera*, 519 F.3d 509, 512 n.2 (5th Cir. 2008). Hence this challenge also fails, for the reasons shown above.

The judgment of the district court is affirmed.