# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-40386

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

JOEL LOBATO-ORTEGA,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

January 11, 2016

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-643

Before PRADO, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Joel Lobato-Ortega appeals the 41-month sentence he received for illegal reentry after deportation. Lobato-Ortega maintains the district court erred by applying a 16-level "crime of violence" enhancement for his prior Louisiana sexual battery conviction. He further maintains that this error improperly raised the statutory maximum term for his sentence. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40386

I.

On August 11, 2014, Border Patrol pulled over a vehicle near La Gloria, Texas, in which Lobato-Ortega was a passenger. Lobato-Ortega had previously been deported on August 18, 2011, and did not obtain permission to return to the country. He was apprehended and subsequently pleaded guilty to illegal reentry after deportation and conviction of a felony under 8 U.S.C. § 1326(a) and (b).

The district court ordered the preparation of a presentence report ("PSR"). The PSR stated that Lobato-Ortega's base offense level was 8. It further applied a 16-level enhancement under United States Sentencing Guidelines Manual § 2L1.2(b)(1)(A)(ii) ("U.S.S.G.") because Lobato-Ortega's prior sexual battery conviction[1] qualified as a crime of violence. The PSR reduced the offense by 3 levels for acceptance of responsibility, yielding a total offense level of 21. With a criminal history category of II, the Guidelines range was 41 to 51 months.

In his objection to the PSR, Lobato-Ortega maintained that the 16-level enhancement was improper because his previous conviction did not qualify as a crime of violence. The district court disagreed and applied the enhancement. It subsequently sentenced Lobato-Ortega to 41-months of imprisonment, which was at the bottom of the resulting Guidelines range. Lobato-Ortega appealed.

II.

Under the Sentencing Guidelines, an individual convicted of illegal reentry is subject to a 16-level enhancement if he was previously convicted of a crime of violence. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The commentary to this

---

[1] In 2011, Lobato-Ortega was convicted of sexual battery under Louisiana Revised Statute § 14:43.1(A)(1).

provision defines "[c]rime of violence" as including "sexual abuse of a minor." U.S.S.G. § 2L1.2 cmt. n.1(B)(iii). We review de novo whether a prior conviction qualifies as a crime of violence under the Sentencing Guidelines. *United States v. Rodriguez*, 711 F.3d 541, 548 (5th Cir. 2013) (en banc).

Lobato-Ortega argues that his sexual battery conviction is not a crime of violence because Louisiana Revised Statute § 14:43.1(A) does not constitute sexual abuse of a minor.[2] Lobato-Ortega's argument is foreclosed by *United States v. Vigil*, 774 F.3d 331, 335–36 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 1883 (2015), in which we explicitly held that the least culpable act[3] constituting a violation of § 14:43.1(A) qualifies as sexual abuse of a minor under the Guidelines.[4] *Vigil*, 774 F.3d at 334-36 (applying *Rodriguez*, 711 F.3d

---

[2] At the time of Lobato-Ortega's conviction for sexual battery, the statute provided, in relevant part:

> A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:
>
> (1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or
>
> (2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

La. Stat. Ann. § 14:43.1 (2008).

[3] Where the charging statute contains disjunctive subsections, as is the case with Louisiana Revised Statute § 14:43.1(A), we must determine which of the statute's alternative elements is the basis of the conviction by referencing the adjudicative documents. *United States v. Mohr*, 554 F.3d 604, 607 (5th Cir. 2009). In *United States v. Vigil*—as is the case here—there was no conclusive evidence of the subsection under which the defendant was convicted. 774 F.3d at 335, *cert. denied*, 135 S. Ct. 1883 (2015). Accordingly, in *Vigil* we presumed the defendant committed the least culpable act that would be a violation of § 14:43.1. *Id.* at 335 (citing *United States v. Espinoza*, 733 F.3d 568, 572 (5th Cir. 2013)).

[4] *Vigil* concerned a version of Louisiana Revised Statute § 14:43.1 that became effective in 2011, while Lobato-Ortega was convicted under the 2008 version of the statute. In the district court, Lobato-Ortega acknowledged that the 2011 version was materially the same as the 2008 version, but was merely organized differently. On appeal, he does not argue that the 2011 amendment to the statute makes *Vigil* inapplicable.

at 552–53).  Lobato-Ortega essentially maintains, however, that *Vigil* is not determinative because it violates the rule of orderliness, under which "one panel of our court may not overturn another panel's decision, absent an intervening change in the law . . . ."  *Jacobs v. Nat'l Drug Intelligence Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008).  We disagree.

Lobato-Ortega argues that in deriving the generic, contemporary meaning of "sexual abuse of a minor" under the third step of the categorical approach, *Vigil* conflicts with earlier cases defining "sexual" and "abuse."  This is incorrect.  In *Vigil*, we noted that "'[s]exual' is defined as '[o]f, pertaining to, affecting, or characteristic of sex, the sexes, or the sex organs and their functions.'"  774 F.3d 334 (quoting *Contreras v. Holder*, 754 F.3d 286, 294 (5th Cir. 2014) (quoting *United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000))).  Furthermore, we relied on precedent defining "'abuse' as 'to take unfair or undue advantage of' or 'to use or treat so as to injure, hurt, or damage.'"  *Id.* (quoting *United States v. Cortez-Cortez*, 770 F.3d 355, 358 (5th Cir. 2014) (quoting *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005))).  Finally, we utilized Black's Law Dictionary's definition of "sexual abuse"—"'an illegal or wrongful sex act, esp. one performed against a minor by an adult.'"  *Vigil*, 774 F.3d at 334 (quoting BLACK'S LAW DICTIONARY (9th ed. 2009)).  "We have repeatedly endorsed [this definition]."  *Id.* (citing *Contreras*, 754 F.3d at 294; *Cortez-Cortez*, 770 F.3d at 358); *see Rodriguez*, 711 F.3d at 552 ("[I]f the offense category is a non-common-law offense category, then we derive its 'generic, contemporary meaning' from its common usage as stated in legal and other well-accepted dictionaries.").

It is clear that in *Vigil* we did not ignore our precedent, but rather were well informed by it.  In fact, we have subsequently relied on *Vigil*'s interpretation of "sexual abuse of a minor."  *See United States v. Irias*, No. 15-

40085, 2015 WL 5817643, at *1 (5th Cir. Oct. 6, 2015) (citing *Vigil*, 774 F.3d at 334).

Lobato-Ortega's argument that the term "sexual" requires that conduct must have sexual gratification or arousal as its purpose is similarly unavailing. We have found such motivation sufficient but not necessary. *See, e.g.*, *Izaguirre-Flores*, 405 F.3d at 275; *Zavala-Sustaita*, 214 F.3d at 604; *see also* *Cortez-Cortez*, 770 F.3d at 358 ("We have also found that an act is 'sexual' if it has 'sexual arousal or gratification as its purpose.'").[5]  Accordingly, *Vigil* did not violate the rule of orderliness.  Because we have already determined that Louisiana Revised Statute § 14:43.1 is a crime of violence under the Guidelines, we conclude the district court did not err when it applied the 16-level "crime of violence" enhancement when sentencing Lobato-Ortega.

Lobato-Ortega also appeals his conviction under 8 U.S.C. § 1326(b)(2) on the grounds that his prior sexual battery conviction does not qualify as an aggravated felony.  Section 1326(b)(2) defines "aggravated felony" as including "sexual abuse of a minor," 8 U.S.C. § 1101(a)(43)(A), and we interpret this phrase the same way under both § 1326(b) and the Guidelines, *United States v. Najera-Najera*, 519 F.3d 509, 512 n.2 (5th Cir. 2008).  Accordingly, for the reasons stated above, we also affirm Lobato-Ortega's conviction under § 1326(b)(2).

AFFIRMED.

---

[5] Lobato-Ortega also argues, for the first time on appeal, that § 14:43.1 does not constitute sexual abuse of a minor because it encompasses conduct that is not abusive. Because Lobato-Ortego did not raise this issue in the district court, we review for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  In light of *Vigil*, any error was not "plain." *See United States v. Ellis*, 564 F.3d 370, 378–79 (5th Cir. 2009).