**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
March 17, 2011

Lyle W. Cayce
Clerk

No. 10-40586
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN ESPARZA-ANDRADE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-1357-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ruben Esparza-Andrade appeals the 50-month sentence he received following his guilty plea conviction for illegal reentry into the United States after having previously been deported, in violation of 8 U.S.C. § 1326. Esparza-Andrade argues that the district court erred in applying a 16-level "crime of violence" enhancement, pursuant to U.S.S.G. § 2L1.2(b)(1)(A), based on his prior Michigan conviction for attempted second-degree criminal sexual conduct. He specifically asserts that the enhancement was improper because the prior conviction could not be classified as "sexual abuse of a minor," an enumerated

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

crime of violence offense, and because Michigan's definition of "attempt" was broader than the generic, contemporary definition of "attempt."

The district court's characterization of a prior offense as a "crime of violence" is a question of law that we review de novo. *United States v. Santiesteban-Hernandez*, 469 F.3d 376, 378 (5th Cir. 2006). Section 2L1.2 of the Guidelines provides that the offense level for unlawfully entering or remaining in the United States shall be increased by 16 levels if the defendant has a prior conviction for a "crime of violence." § 2L1.2(b)(1)(A)(ii). The commentary to § 2L1.2 defines a "crime of violence" as (1) any specific enumerated offense, including "sexual abuse of a minor," "forcible sex offenses," and "statutory rape"; or (2) "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." § 2L1.2, comment. (n.1(B)(iii)).

To determine whether a specific state offense constitutes an enumerated offense under § 2L1.2(b)(1)(A)(ii), this court uses a "common sense approach." *See United States v. Mungia-Portillo*, 484 F.3d 813, 816 (5th Cir. 2007). This court gives the enumerated offense its "ordinary, contemporary, [and] common meaning." *Id.* After determining the generic and contemporary meaning of the offense, we compare it to the statute of conviction. *See Santiesteban-Hernandez*, 469 F.3d at 379. "If the defendant was convicted under a statute following the generic definition with minor variations, or a statute narrower than the generic crime, the sentence enhancement may be applied." *Id.* However, if the statute of conviction prohibits behavior that is not within the plain, ordinary meaning of the enumerated offense, the prior offense is not a "crime of violence." *Mungia-Portillo*, 484 F.3d at 816.

The Michigan statute at issue reads, in relevant part, as follows:

(1) A person is guilty of criminal sexual conduct in the second degree if the person engages in sexual contact with another person and if any of the following circumstances exists:

(a) That other person is under 13 years of age.

MICH. COMP. LAWS ANN. § 750.520c(1)(a) (2003). Michigan defines sexual contact as including:

> the intentional touching of the victim's or actor's intimate parts or the intentional touching of the clothing covering the immediate area of the victim's or actor's intimate parts, if that intentional touching can reasonably be construed as being for the purpose of sexual arousal or gratification, done for sexual purpose, or in a sexual manner for:
>
> > (I) Revenge.
> >
> > (ii) To inflict humiliation.
> >
> > (iii) Out of anger.

MICH. COMP. LAWS ANN. § 750.520a(n) (2003). Intimate parts includes "the primary genital area, groin, inner thigh, buttock, or breast of a human being." MICH. COMP. LAWS ANN. § 750.520a(c) (2003).

In order for a statute to conform to the generic, contemporary meaning of "sexual abuse of a minor," the statute must criminalize conduct with the following three elements: (1) the conduct must involve a "child"; (2) the conduct must be "sexual" in nature; and (3) the sexual conduct must be "abusive." *See United States v. Najera-Najera*, 519 F.3d 509, 511 (5th Cir. 2008) (citing *United States v. Zavala-Sustaita*, 214 F.3d 601, 604-05 (5th Cir. 2000)). This court has noted that under the "generic-meaning analysis, a person younger than 17 years old is a 'child.'" *Id.* at 511-12. Under the plain and ordinary meaning of the word, the Michigan statute criminalizes conduct that is "sexual" in nature. *See id.* (analyzing a similar Texas statute). Moreover, the sexual conduct is "abusive" because of the psychological harm that children suffer from even non-physical sexual contact with adults. *See Zavala-Sustaita*, 214 F.3d at 605. Accordingly, Esparza-Andrade's Michigan statute of conviction criminalizes conduct that can be properly categorized as "sexual abuse of a minor," an

enumerated crime of violence offense.  *See* § 2L1.2, comment. (n.1(B)(iii)); *Najera-Najera*, 519 F.3d at 511-12; *Zavala-Sustaita*, 214 F.3d at 604-08.

Esparza-Andrade's assertion that Michigan's statute defining "attempt" is overly broad is unmeritorious.  Current circuit law indicates that the definition of "attempt" need not be separately analyzed because an analysis of the elements of the statute prohibiting the underlying crime is sufficient for classification purposes.  *See United States v. Cervantes-Blanco*, 504 F.3d 576, 579-87 (5th Cir. 2007) (stating that its analysis was not affected by the fact that defendant was convicted of an attempt rather than the completed offense). Moreover, the Guidelines do not distinguish between an attempt and a successfully completed crime for purposes of determining whether an offense is a "crime of violence."  *See* § 2L1.2, comment. (n.5) (noting that prior convictions for crimes counted under § 2L1.2(b)(1) for sentencing enhancement purposes "include the offenses of aiding and abetting, conspiring, and attempting, to commit such offenses").  In addition, Esparza-Andrade does not meet his burden of demonstrating a realistic probability that Michigan would actually apply its "attempt" statute in a manner that fell outside of the generic, contemporary meaning of "attempt." *See United States v. Hernandez-Galvan*, -- F.3d --, No. 09-40872, 2011 WL 285222, at *5-*6 (5th Cir. Jan. 31, 2011); *United States v. Ramos-Sanchez*, 483 F.3d 400, 403-04 (5th Cir. 2007).

AFFIRMED.