# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 6, 2014

Lyle W. Cayce
Clerk

No. 13-60407

————

JOHEL AMILCAR CONTRERAS, also known as Pablo Contreras Villalta,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

———————————

Petition for Review of an Order of
the Board of Immigration Appeals

———————————

Before HIGGINBOTHAM, CLEMENT, and HIGGINSON, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

Johel Amilcar Contreras was denied special rule cancellation of removal under § 203 of the Nicaraguan Adjustment and Central American Relief Act (NACARA) because the Board of Immigration Appeals (BIA) considered his 1992 Virginia conviction for "carnal knowledge of a child between thirteen and fifteen years of age" an "aggravated felony" as defined by the Immigration and Nationality Act (INA). We agree with the BIA, and DENY Contreras's petition.

I.

Johel Amilcar Contreras, a native and citizen of El Salvador, entered the United States in October 1998 without being admitted or paroled. He concedes that he is subject to removal for that reason.[1] Contreras applied for suspension

———

[1] *See* 8 U.S.C. § 1182(a)(6)(A)(i).

of deportation or special rule cancellation of removal under § 203 of NACARA.[2] The U.S. Citizenship and Immigration Services (USCIS) determined that Contreras was not eligible for such relief because he had not established that he had been a person of good moral character and because it appeared that he was inadmissible due to criminal activity. The USCIS referred Contreras's application to an Immigration Judge (IJ).

The Government argued to the IJ that Contreras was ineligible for NACARA relief because he was convicted in 1992 for the Virginia offense of carnal knowledge of a child between thirteen and fifteen years of age, as defined by Virginia Code § 18.2-63.[3] According to the Government, this offense was an "aggravated felony" as defined by the INA in 8 U.S.C. § 1101(a)(43)(A) because it constituted "sexual abuse of a minor."[4] Contreras argued that he was eligible for relief because his Virginia offense of conviction did not meet the definition of an aggravated felony. The IJ found that the Virginia offense was an aggravated felony because it constituted sexual abuse of a minor. The IJ concluded that Contreras was "*per se* ineligible for NACARA relief" and ordered him removed to El Salvador.

Contreras appealed to the BIA, asserting that the IJ's conclusion that he was ineligible for NACARA relief was "contrary to precedent holding that the offense of which he was convicted is not an 'aggravated felony.'" He argued that his offense did not qualify as sexual abuse of a minor because it did not require knowledge or abuse and because it required only a three-year age difference between the victim and the accused. He also argued that it was not an aggravated felony because it was not a crime of violence.

---

[2] Nicaraguan Adjustment and Central American Relief Act, Pub. L. No. 105-100, § 203(a)(1), 111 Stat. 2160, 2196 (1997).

[3] Va. Code Ann. § 18.2-63 (West 1992); *id.* (West 2014).

[4] 8 U.S.C. § 1101(a)(43) ("The term 'aggravated felony' means . . . murder, rape, or sexual abuse of a minor . . . .").

No. 13-60407

The BIA agreed that Contreras was ineligible for NACARA relief because he failed to meet his burden of demonstrating that he had not committed an aggravated felony and dismissed the appeal. The BIA noted that use of force was not an element of Contreras's offense of conviction but concluded that all of the conduct that constitutes carnal knowledge of a minor under the *current* Virginia statute—including sexual intercourse, oral and anal sex, and sexual penetration with objects—qualifies as sexual exploitation of a child of 13- or 14-years-old and, thus, as sexual abuse of a minor.[5] The BIA noted that, while knowledge of the minor's age is a factor in determining whether an offense constitutes sexual abuse of a minor, it is not a dispositive factor. It explained, "Our conclusion that this offense falls within the meaning of sexual abuse of a minor is consistent with the intent of Congress to remove aliens who are sexually abusive toward children and to bar them from any relief." The BIA did not address Contreras's argument that his conviction was not an aggravated felony because it was not a crime of violence.

Contreras filed a timely petition for review.[6]

## II.

We have jurisdiction over this petition for review under 8 U.S.C. § 1252(a)(1). We have authority to review only the order of the BIA, and not the order of the IJ, unless the IJ's decision had some impact on the BIA's decision.[7] While we owe deference to the BIA's interpretation of the INA, pursuant to *Chevron USA, Inc. v. NRDC*,[8] we review *de novo* whether an offense constitutes an aggravated felony.[9]

---

[5] Va. Code Ann. § 18.2-63(C)(ii) (West 2014).

[6] 8 U.S.C. § 1252(b)(1).

[7] *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

[8] 467 U.S. 837 (1984).

[9] *Larin-Ulloa v. Gonzales*, 462 F.3d 456, 461 & n.7 (5th Cir. 2006).

No. 13-60407

## III.

### A.

NACARA allows nationals from El Salvador, and other Central American nations, to apply for discretionary relief from deportation under the more relaxed terms that existed before the April 1, 1997 effective date of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996.[10] A Salvadoran national may apply for special rule cancellation of removal under NACARA if, among other things, he has not been convicted of an "aggravated felony," as defined by the INA in § 1101(a)(43)(A).[11] The term "aggravated felony" includes "sexual abuse of a minor."[12] But the INA does not define "sexual abuse of a minor." The question is whether a conviction in Virginia for carnal knowledge of a child between thirteen and fifteen years of age qualifies as the generic offense of sexual abuse of a minor, thus making it an aggravated felony within the INA.

### B.

In 1992, § 18.2-63, entitled "Carnal knowledge of child between thirteen and fifteen years of age," provided:

> If any person carnally knows, without the use of force, a child thirteen years of age or older but under fifteen years of age, such person shall be guilty of a Class 4 felony.
>
> Provided, however, if such child be thirteen years of age or older but under fifteen years of age and consents to the carnal knowledge and the accused be a minor and such consenting child is three years or more the accused's junior, the accused shall be guilty of a Class 6 felony, but if such consenting child is less than three

---

[10] *Rodriguez-Silva v. INS*, 242 F.3d 243, 245–46 & n.5 (5th Cir. 2001).

[11] 8 C.F.R. § 1240.66(a) (aggravated felony bar to special rule cancellation of removal).

[12] 8 U.S.C. § 1101(a)(43)(A).

> years the accused's junior, the accused shall be guilty
> of fornication.
>
> In calculating whether such child is three years or
> more a junior of the accused minor, the actual dates of
> birth of the child and the accused, respectively, shall
> be used.
>
> For the purposes of this section a child under the age
> of thirteen years shall not be considered a consenting
> child.[13]

At the time, for a Class 4 felony, the statutory minimum penalty for imprisonment was two years and the maximum was ten years, with the possibility of a fine of no more than $100,000.[14] For a Class 6 felony, the statutory minimum penalty for imprisonment was one year and the maximum was five years, unless the factfinder used its discretion to impose a lesser sentence of up to one year of confinement in jail or a fine of no more than $2,500 or both.[15] Fornication was classified as a Class 4 misdemeanor,[16] which was punishable at the time by a fine of not more than $250.[17]

The term "carnal knowledge" was not defined in the statute. But, interpreting the undefined term, the Court of Appeals of Virginia once held that "the plain meaning of 'carnal knowledge' is any sexual bodily connection, not simply sexual intercourse."[18] The statute has since been revised to specify

---

[13] Va. Code Ann. § 18.2-63 (West 1992).

[14] *Id.* § 18.2-10(d) (West 1992). This penalty remains the same. *Id.* (West 2014).

[15] *Id.* § 18.2-10(f) (West 1992). This penalty remains the same. *Id.* (West 2014).

[16] *Id.* § 18.2-344 (West 1992), *held unconstitutional by Martin v. Ziherl*, 607 S.E.2d 367 (Va. 2005).

[17] Va. Code Ann. § 18.2-11(d) (West 1992). This penalty remains the same. *Id.* (West 2014). Additionally, § 18.2-63 has now been changed to state that where an accused is a minor, the child has consented, and the child is less than three years the accused's junior, the offense is a Class 4 misdemeanor, not fornication. *See id.* (West 2014).

[18] *Shull v. Commonwealth*, 431 S.E.2d 924, 925 (Va. Ct. App. 1993) (deciding that oral sodomy fell within the plain, obvious, and rational meaning of carnal knowledge and referring to Black's Law Dictionary in support of its conclusion).

that "'carnal knowledge' includes the acts of sexual intercourse, cunnilingus, fellatio, anilingus, anal intercourse, and animate and inanimate object sexual penetration."[19]

### C.

To determine whether Contreras's prior offense constitutes sexual abuse of a minor, we first apply a categorical approach, looking only to the statutory elements of the offense and not to facts underlying the particular offense.[20] But where the statute of conviction identifies several separate offenses, we use the modified categorical approach, meaning that we may look to certain adjudicative records, such as charging documents and plea agreements, to narrow the definition of the offense and determine its elements.[21] Recently, the Supreme Court held that the modified categorical approach may only be applied where the statute of conviction contains multiple crimes set forth as alternative elements.[22] The "modified categorical approach merely assists the sentencing court in identifying the defendant's crime of conviction."[23] It is not applicable "when the crime of which the defendant was convicted has a single, indivisible set of elements."[24] Where a prior conviction is based on an indivisible statute, meaning "one not containing alternative elements," and where the statute "criminalizes a broader swath of conduct than the relevant generic offense," a court cannot look beyond the elements set forth in the statute.[25] We use the modified categorical approach in those instances where the statute of conviction defines multiple offenses, and one of those offenses

---

[19] *Cf.* Va. Code Ann. 18.2-63(C)(ii) (West 2014).

[20] *See Taylor v. United States*, 495 U.S. 575, 602 (1990).

[21] *Shepard v. United States*, 544 U.S. 13, 17–26 (2005).

[22] *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013).

[23] *Id.* at 2288.

[24] *Id.* at 2282.

[25] *Id.* at 2281–82.

would not fit within the generic offense, here the offense of "sexual abuse of a minor," which the INA considers an "aggravated felony."[26]

Looking at § 18.2-63, we must employ the modified categorical approach because this statute is divisible. The statute covers a broad swath of conduct, only some of which may fall within the generic offense of sexual abuse of a minor. Under § 18.2-63, one cannot know which version of the offense Contreras was convicted of by looking at the statute. For each different level of culpability, the criminal statute contains different elements. For example, for a conviction of the *Class 4 misdemeanor* under § 18.2-63, the elements include not only (1) carnal knowledge, (2) without the use of force, (3) of a child between thirteen and fifteen years of age, but also include that (4) the accused is a minor, (5) the child has consented, and (6) the child is less than three years the accused's junior. On the other hand, for a conviction of the *Class 6 felony* under § 18.2-63, the elements include the first five elements of the *Class 4 misdemeanor*, but the sixth element is changed so that the age difference between the accused and child has to be three years or more. As a result, we need to look beyond the statute to determine the elements of Contreras's crime of conviction.

Contreras's 1992 indictment, entitled "Indictment for Statutory Rape," charged that he had sexual intercourse with a child thirteen years of age or older but under the age of fifteen, in violation of § 18.2-63. According to the written guilty plea, Contreras pleaded guilty to statutory rape and acknowledged that he faced a minimum of two years and a maximum of ten years in prison, and that he was 19 years old. Therefore, Contreras's crime of conviction was for the *Class 4 felony* under § 18.2-63.

---

[26] *See Ramos-Garcia v. Holder*, 483 F. App'x 926, 929 (5th Cir. 2012) (per curiam).

No. 13-60407

The *Class 4 felony* only applies in two situations: either the accused is an adult or the accused is a minor but the child did not consent. In Contreras's case, it is clear that the conviction for the *Class 4 felony* was based on the fact that he was an adult. To our eyes, then, the elements of his crime of conviction are (1) carnal knowledge, (2) without the use of force, (3) of a child between thirteen and fifteen years of age, (4) by an adult. Keeping in mind that even under the modified categorical approach our focus is always on the elements of the underlying crime of conviction,[27] we must determine whether the crime thus defined meets the generic offense of sexual abuse of a minor.

IV.

Since the INA does not define sexual abuse of a minor in § 1101(a)(43)(A), we must give that term meaning and then decide whether the crime of conviction falls within that definition. We find that there are two ways to define sexual abuse of a minor, depending on the deference granted to the BIA, but that either definitional method leads to the conclusion that the 1992 Virginia conviction constitutes sexual abuse of a minor.

A.

The first method of defining sexual abuse of a minor in § 1101(a)(43)(A) is to defer to the BIA's definition of that phrase. We usually "accord substantial deference to the BIA's interpretation of the INA itself and definitions of phrases within it."[28] Here, the BIA defined sexual abuse of a minor in accordance with its earlier published decision in *In re Rodriguez-Rodriguez*.[29] In *Rodriguez-Rodriguez*, the BIA consulted numerous federal statutes to

---

[27] *Descamps*, 133 S. Ct. at 2281 (explaining that the modified categorical approach allows courts to identify the elements of the crime of conviction and compare them with the elements of the generic crime).

[28] *Omari v. Gonzales*, 419 F.3d 303, 306 (5th Cir. 2005) (quoting *Smalley v. Ashcroft*, 354 F.3d 332, 335–36 (5th Cir. 2003)) (internal quotation marks omitted).

[29] 22 I. & N. Dec. 991 (BIA 1999).

determine the meaning of sexual abuse of a minor and determined that the definition of sexual abuse set forth at 18 U.S.C. § 3509(a)(8) was a useful guide.[30] It noted that § 3509(a)(8) defines sexual abuse as encompassing "the employment, use, persuasion, inducement, enticement, or coercion of a child to engage in, or assist another person to engage in, sexually explicit conduct or the rape, molestation, prostitution, or other form of sexual exploitation of children, or incest with children."[31] Furthermore, the BIA declined to adopt § 3509(a)(8) as the only standard or definition for sexual abuse of a minor, noting that the common usage of that term includes a broad range of maltreatment of a sexual nature and that various states categorize and define sex crimes against children in many different ways.[32] Under this broad definition, Contreras's crime of conviction would definitely qualify as sexual abuse of a minor.

Contreras argues that there should be no deference given to this definition for various reasons. His most persuasive attack comes under Step 2 of *Chevron*. Under *Chevron*, we first ask whether Congress has "directly spoken to the precise question at issue."[33] If Congress has not directly spoken, then we look to "whether the agency's answer is based on a permissible construction of the statute."[34] Here, there is no question that Congress has not directly spoken on the definition of sexual abuse of a minor. Next, while the BIA's construction appears to be permissible, the definitional method used by the BIA is directly contrary to the definitional method mandated in our circuit. The BIA defined sexual abuse of a minor by reference to various federal statutes. However, our en banc court recently eschewed this method of defining

---

[30] *Id.* at 995–96.
[31] *Id.* at 995 (quoting 18 U.S.C. § 3509(a)(8)).
[32] *Id.* at 996.
[33] *Chevron*, 467 U.S. at 842.
[34] *Id.* at 843.

No. 13-60407

generic offenses in favor of a plain-meaning approach.[35] Therefore, Contreras might well be correct to say that this definition is not a reasonable one. Without deciding as such, we look past the BIA definition of sexual abuse of a minor and find that even under this circuit's definitional method, Contreras's prior offense of conviction would still be sexual abuse of a minor.

B.

If we look past the BIA definition of sexual abuse of a minor and attempt to define the term on our own, we must use that phrase's "generic, contemporary meaning and . . . rely on a uniform definition, regardless of the labels employed by the various States' criminal codes."[36] "Sexual abuse of a minor" under § 1101(a)(43)(A) has three elements: "(1) the conduct must involve a 'child'; (2) the conduct must be 'sexual' in nature; and (3) the sexual conduct must be 'abusive.'"[37]

In *United States v. Rodriguez*,[38] our en banc court dealt with the challenges of defining sexual abuse of a minor, although in a different context.[39] Under § 2L1.2 of the U.S. Sentencing Guidelines Manual (U.S.S.G.), a guideline applicable to offenses of unlawfully entering or remaining in the United States, a criminal defendant can get an enhancement if the defendant was previously deported or unlawfully remained in the United States after a conviction for a felony that was a "crime of violence."[40] The application notes define a crime of violence as, among other things, sexual abuse of a minor.[41]

---

[35] *See United States v. Rodriguez*, 711 F.3d 541, 550 (5th Cir. 2013) (en banc).

[36] *See United States v. Dominguez-Ochoa*, 386 F.3d 639, 642–43 (5th Cir. 2004) (internal quotation marks and citation omitted) (citing *Taylor*, 495 U.S. at 592, 598).

[37] *United States v. Esparza-Andrade*, 418 F. App'x 356, 358 (5th Cir. 2011) (per curiam).

[38] 711 F.3d 541 (5th Cir. 2013) (en banc).

[39] *Id.* at 544.

[40] U.S.S.G. § 2L1.2(b)(1)(A)(ii).

[41] *Id.* § 2L1.2 cmt. n.1(B)(iii).

10

No. 13-60407

Just like the INA, however, the U.S.S.G. does not define what sexual abuse of a minor means. Thus, we adopted a plain-meaning approach to define such undefined offense categories.[42] First, "we identify the undefined offense category that triggers the federal sentencing enhancement."[43] Second, if the meaning of the offense category is not clear, we "determine whether that undefined offense category is an offense category defined at common law, or an offense category that is not defined at common law."[44] Third, "if the offense category is a non-common-law offense category, then we derive its 'generic, contemporary meaning' from its common usage as stated in legal and other well-accepted dictionaries."[45] Fourth, "we look to the elements of the state statute of conviction and evaluate whether those elements comport with the generic meaning of the enumerated offense category."[46] After concluding that "sexual abuse of a minor" is not a clearly defined phrase and that it is a non-common-law offense category,[47] we decided to derive its generic, contemporary meaning by reference to legal and other well-accepted dictionaries. By adopting this definitional method, we rejected the method of defining the generic offense by looking to definitions in various state codes, federal laws, the Model Penal Code, and law treatises.[48]

In *Rodriguez*, we applied this approach to find the meaning of "minor." We held that "a statute that prohibits acts of sexual abuse against minors will comport with the generic meaning of 'minor' as long as the statute sets the age of consent below the age of majority—which we conclude to be the age of

---

[42] *Rodriguez*, 711 F.3d at 544.
[43] *Id.*
[44] *Id.*
[45] *Id.*
[46] *Id.*
[47] *Id.* at 549–58.
[48] *Id.* at 551–52.

11

eighteen under our method."[49] *Rodriguez* did not define the meaning of "sexual abuse."[50]

Therefore, our present task is to apply this plain-meaning approach to define "sexual abuse." There is almost no controversy over deciding what "sexual" means. Indeed, our previous cases have defined this terms using a dictionary. For example, in *United States v. Zavala-Sustaita*,[51] we referred to *The American Heritage Dictionary*, and found that "sexual" is defined as "[o]f, pertaining to, affecting, or characteristic of sex, the sexes, or the sex organs and their functions."[52]

The definition of "abuse" and "sexual abuse," however, are a little more difficult. In *The American Heritage Dictionary*, abuse is defined as "[t]o use wrongly or improperly" or "[t]o hurt or injure by maltreatment."[53] Moreover, Black's Law Dictionary defines "sexual abuse" as "[a]n illegal or wrongful sex act, esp. one performed against a minor by an adult."[54] But our definitions of abuse have not stopped at the limits of these dictionary definitions. Rather we have also held that a sexual act does not require physical contact with a minor to be abusive, since psychological harm may occur even without such contact and can be equally abusive.[55] We have gone even further because we have "established a per se rule that gratifying or arousing one's sexual desires in the presence of a child is abusive because it involves taking undue or unfair advantage of the minor."[56] These definitions are quite broad, encompassing

---

[49] *Id.* at 560.

[50] *Id.* at 568–69 (Haynes, J., concurring in the judgment only).

[51] 214 F.3d 601 (5th Cir. 2000).

[52] *Id.* at 604 (quoting The American Heritage Dictionary 1124 (2d College ed. 1982)).

[53] *Id.* (quoting The American Heritage Dictionary 70 (2d College ed. 1982)).

[54] Black's Law Dictionary 11 (9th ed. 2009).

[55] *Zavala-Sustaita*, 214 F.3d at 604–05.

[56] *United States v. Acosta*, 401 F. App'x 972, 973 (5th Cir. 2010) (per curiam) (internal quotation marks and alterations omitted); *see also United States v. Izaguirre-Flores*, 405 F.3d 270, 275–76 (5th Cir. 2005).

within them more than the dictionary definitions of "abuse" or "sexual abuse." But even sticking strictly to the dictionary definitions of "abuse" and "sexual abuse," we find that Contreras's prior conviction falls within sexual abuse of a minor.

A violation of § 18.2-63 necessarily entails minors because one can only be convicted if the child is "thirteen years of age or older but under fifteen years of age." Similarly, a § 18.2-63 violation is "sexual" because it involves carnal knowledge which at the time was defined as "any sexual bodily connection, not simply sexual intercourse."[57] Finally, a § 18.2-63 violation involves "abuse" or "sexual abuse." This is clear because we are using the modified categorical approach, so that we are not examining a § 18.2-63 violation wholesale, but rather a § 18.2-63 violation in the way Contreras committed that violation. Recall that to our eyes, the elements of Contreras's crime of conviction were (1) carnal knowledge, (2) without the use of force, (3) of a child between thirteen and fifteen years of age, (4) by an adult. When comparing these four elements against the elements of sexual abuse of a minor, we find it evident that fulfilling these four elements necessarily fulfills the offense of sexual abuse of a minor. Since "sexual abuse" means "[a]n illegal or wrongful sex act, esp. one performed against a minor by an adult,"[58] we have no trouble finding that a violation of the *Class 4 felony* in § 18.2-63 by an adult necessarily entails sexual abuse of a minor.

Contreras raises several arguments for why a conviction under the Virginia carnal knowledge statute does not necessarily equate to the offense of sexual abuse of a minor. First, he argues that the Virginia statute lacks a *mens rea* requirement, that it does not require the accused to know that a child is

---

[57] *Shull,* 431 S.E.2d at 925.

[58] Black's Law Dictionary 11 (9th ed. 2009).

involved, and therefore sweeps too broadly. However, in the past we have held a similar statute to be within the meaning of sexual abuse of a minor even though it did not require knowledge of the victim's age.[59] Second, he argues that the Virginia statute does not take into account the difference between the ages of the accused and the child. The point of this argument is that the statute criminalizes certain conduct—for example, carnal knowledge between two consenting minors, i.e., the *Class 4 misdemeanor*—that could not qualify as sexual abuse of a minor. We need not linger on this argument because we here apply the modified categorical approach. We do not hold that any conviction under § 18.2-63 constitutes sexual abuse of a minor. Rather our holding is limited to the crime that occurs when the elements of Contreras's offense are met, in other words a conviction under § 18.2-63 for an adult. Third, Contreras argues that the Virginia statute requires that the accused not have used force. The crux of this argument is that a conviction under the statute requires that the accused not have used force, which in turn shows that there was no abuse. But this argument misapprehends precedent. For example, we have held that physical contact is not necessary to constitute sexual abuse of a minor and that the conduct can be abusive due to the psychological harm that can occur even without physical contact.[60] Finally, Contreras argues that sexual abuse of a minor ought to be defined by reference to a variety of federal statutes.[61] However, this argument fails because *Rodriguez* held that under the plain-meaning approach we should consult legal and other well-accepted dictionaries, not state codes, federal laws, the Model Penal Code, and law treatises. All of Contreras's objections, therefore, fail to persuade.

---

[59] *See Ramos-Garcia*, 483 F. App'x at 929.

[60] *Zavala-Sustaita*, 214 F.3d at 605.

[61] *See* 18 U.S.C. § 2241 (Aggravated sexual abuse); *id.* § 2242 (Sexual abuse); *id.* § 2243 (Sexual abuse of a minor or ward).

No. 13-60407

We conclude that Contreras's conviction under the Virginia statute necessarily means that he has also been convicted of sexual abuse of a minor, an aggravated felony within the INA. As a result, we do not reach Contreras's arguments about whether a conviction under the Virginia statute also qualifies as a crime of violence within the INA. Because Contreras's prior conviction was an aggravated felony, he was precluded from applying for special rule cancellation under § 203 of NACARA and the BIA properly dismissed his appeal. The petition for review is DENIED.