# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-41109

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JOSE ALVARO RIVAS,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, SMITH, and COSTA, Circuit Judges.

GREGG COSTA, Circuit Judge:

Jose Alvaro Rivas appeals his 41-month sentence for illegal reentry following deportation. He argues that the district court erred in imposing a 16-level sentencing enhancement based on its finding that an Ohio conviction for attempted unlawful sexual conduct with a minor constitutes a crime of violence.

The Ohio conviction involved Rivas soliciting sex online from a person whom he thought was a 14-year-old girl named "Molly." It wasn't until Rivas arrived at the hotel where he planned to meet "Molly" for sex that he learned she was not a minor but was, instead, an undercover detective working an internet sting operation.

No. 15-41109

Rivas relied on the undercover nature of the operation to challenge the "crime of violence" enhancement at his sentencing hearing.  He argued that his Ohio conviction does not qualify as "sexual abuse of a minor" (one of the enumerated "crimes of violence" under section 2L1.2 of the Guidelines[1]) because there was no minor involved.  After the government pointed out that Rivas had been convicted of an *attempt* to engage in unlawful sexual conduct, the district court overruled the objection.

Rivas makes a different argument on appeal.  He contends that the Ohio statute under which he was convicted does not comport with the generic, contemporary meaning of "sexual abuse of a minor" because it requires only a reckless state of mind as to the minor's age, not actual knowledge.  Here is the statutory language:

> No person who is eighteen years of age or older shall engage in sexual conduct with another, who is not the spouse of the offender, when the offender knows the person is thirteen years of age or older but less than sixteen years of age, or the offender is reckless in that regard.

OHIO REV. CODE § 2907.04(A).

The government argues that plain error review should apply because Rivas did not make this argument about *mens rea* in the district court.  Rivas responds that he is merely "refining" the argument he made about the absence of an actual minor in the Ohio offense.  Although we are inclined to agree with the government that the issue Rivas raises on appeal is sufficiently distinct from that presented to the district court to warrant the demanding standard for correction of forfeited errors, we need not resolve the standard of review question because there is no error even under *de novo* review.

---

[1] *See* U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. n.1(B)(iii).

No. 15-41109

Rivas's assertion that the Ohio statute encompasses behavior beyond the generic definition of "abuse" because it requires only recklessness as to the minor's age is at odds with previous holdings of this court. We have held that Virginia and Louisiana statutes that lack any *mens rea* requirement nonetheless fall within the generic definition of "sexual abuse of a minor." *See Contreras v. Holder*, 754 F.3d 286, 295 (5th Cir. 2014) (holding that a Virginia statute that criminalizes carnal knowledge of a child without regard to the defendant's knowledge constitutes "sexual abuse of a minor"); *Ramos-Garcia v. Holder*, 483 F.App'x 926, 928–29 (5th Cir. 2012) (per curiam) (holding that a Louisiana statute that prohibits indecent behavior with juveniles and explicitly states that "[l]ack of knowledge of the child's age shall not be a defense" constitutes "sexual abuse of a minor");[2] *see also United States v. Ramos-Martinez*, 617 F.App'x 287, 288 (5th Cir. 2015) (per curiam) (holding on plain error review that the defendant could not establish obvious error with applying a crime of violence enhancement based on a conviction under a Michigan statute that does not require that the defendant know the victim's age). It necessarily follows that a statute like Ohio's requiring at least a reckless state of mind concerning the age of the victim qualifies as "sexual abuse of a minor."

The judgment of the district court is AFFIRMED.

---

[2] *Contreras* and *Ramos-Garcia* considered the term "sexual abuse of a minor" in the context of immigration proceedings, but we apply the same generic definition of the term under both the immigration statute (8 U.S.C. § 1101(a)(43)(A)) and section 2L1.2 of the Guidelines. *See United States v. Najera-Najera*, 519 F.3d 509, 512 & n.2 (5th Cir. 2008).