# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-60042

United States Court of Appeals
Fifth Circuit

**FILED**
May 15, 2018

Lyle W. Cayce
Clerk

ADNAN ASGAR SHROFF,

Petitioner,

versus

JEFFERSON B. SESSIONS, III, U.S. ATTORNEY GENERAL,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Adnan Shroff petitions for review of an order of the Board of Immigration Appeals ("BIA") deciding that his conviction of online solicitation of a minor is an aggravated felony that subjects him to removal.  Because *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017), abrogates this court's previous definition of a minor in this context, we grant review, reverse, and remand.

No. 17-60042

## I.

Shroff was admitted to the United States as a lawful permanent resident in September 2009. In June 2016, he pleaded guilty of online solicitation of a minor in violation of Texas Penal Code § 33.021(c)[1] and was given deferred adjudication with ten years of community supervision. The Department of Homeland Security initiated removal proceedings in July 2016, stating that his offense rendered him removable under the Immigration and Nationality Act of 1952 ("INA"), 8 U.S.C. § 1101(a)(43)(A), for a conviction of murder, rape, or sexual abuse of a minor. Finding that Shroff's offense (1) involved a minor, (2) was sexual in nature, and (3) was abusive, the BIA determined that his conviction qualified as sexual abuse of a minor under *Contreras v. Holder*, 754 F.3d 286, 293–95 (5th Cir. 2014), and dismissed Shroff's appeal.

## II.

We have no jurisdiction to review "any final order of removal against an alien who is removable by reason of having committed" an aggravated felony. 8 U.S.C. § 1252(a)(2)(C). We do, however, review "constitutional claims or questions of law raised upon a petition for review," such as whether a conviction qualifies as an aggravated felony. *Id.* § 1252(a)(2)(D); *Larin–Ulloa v. Gonzales,* 462 F.3d 456, 460–61 (5th Cir. 2006).

## III.

To determine whether a conviction under Texas Penal Code § 33.021(c)

---

[1] The statute defines online solicitation of a minor as follows:

A person commits an offense if the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, knowingly solicits a minor to meet another person, including the actor, with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person.

TEX. PENAL CODE § 33.021(c).

2

No. 17-60042

qualifies as sexual abuse of a minor, we apply the categorical approach, looking to the statute of conviction and comparing the elements to those of the generic federal offense. *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013). The generic definition of sexual abuse of a minor employed by this court requires that conduct (1) involve a child, (2) be sexual in nature, (3) and be abusive.[2] In *United States v. Rodriguez*, 711 F.3d 541, 560 (5th Cir. 2013) (en banc), we defined a minor as anyone under the age of eighteen. The Texas statute defines a minor as "an individual who is younger than 17 years of age; or an individual whom the actor believes to be younger than 17 years of age." TEX. PENAL CODE § 33.021(a)(1).

Shroff contends that *Mathis v. United States*, 136 S. Ct. 2245 (2016), nullifies this court's definition of sexual abuse of a minor. Because we already use the categorical approach to determine whether state statutes qualify as aggravated felonies for purposes of removability, this assertion is unavailing.[3] Shroff further denies that his conviction meets the generic definition of sexual abuse of a minor because no minor was involved, given that Shroff was apprehended in a sting operation by police posing as a fifteen-year-old. As the BIA noted, we have rejected that proposition and have found that the relevant question for removal purposes is whether the alien acted with the intention of sexually exploiting a minor.[4]

---

[2] *United States v. Najera-Najera*, 519 F.3d 509, 511 (5th Cir. 2008); *United States v. Zavala-Sustaita*, 214 F.3d 601, 604−05 (5th Cir. 2000).

[3] *See, e.g.*, *Contreras*, 754 F.3d at 292; *Rodriguez*, 711 F.3d at 552–53; *Najera-Najera*, 519 F.3d at 512 n.2; *United States v. Fierro-Reyna*, 466 F.3d 324, 327 (5th Cir. 2006); *United States v. Dominguez–Ochoa*, 386 F.3d 639, 642–43 (5th Cir. 2004).

[4] A conviction under prong two of § 33.021(a)(1)(B)—when a defendant *believes* the victim is younger than seventeen—amounts to an attempt to commit sexual abuse of a minor for purposes of the INA. *Cf. United States v. Rivas*, 836 F.3d 514, 515 (5th Cir. 2016); *see also* 8 U.S.C. § 1101(a)(43)(A), (U) (defining "aggravated felony" to include "an attempt . . . to commit [sexual abuse of a minor]"). That the attempt may be impossible to commit because

No. 17-60042

IV.

When the BIA issued its decision, the Supreme Court had not yet decided *Esquivel-Quintana*. Based on *Esquivel-Quintana*, Shroff contends that the generic definition in *Zavala-Sustaita* and *Najera-Najera* is abrogated because *Esquivel-Quintana* provided a generic definition of sexual abuse of a minor requiring actual sexual contact and that the minor be under sixteen.

Examining a California statutory-rape provision, the Court found over-broad the definition of a minor as anyone under the age of eighteen. *Esquivel-Quintana*, 137 S. Ct. at 1568. Because the Court focused on the age requirement and did not make an express holding on the requirement of sexual contact, *Esquivel-Quintana* does not abrogate our holding that "a sexual act does not require physical contact with a minor to be abusive, since psychological harm may occur even without such contact." *Contreras*, 754 F.3d at 294.

The decision in *Esquivel-Quintana* does, however, establish an age requirement that renders Shroff's statute of conviction overbroad. An un-published decision has already recognized that *Esquivel-Quintana* abrogated *Rodriguez*'s holding that for purposes of statutory rape, a minor is anyone under eighteen.[5] The government proffers that *Esquivel-Quintana* has no impact on this case, however, because it is limited to "statutory rape offenses that criminalize sexual intercourse based solely on the age of the participants." *Esquivel-Quintana*, 137 S. Ct. at 1568. Shroff was not convicted under Texas's statutory rape provision but instead under the provision for online solicitation of a minor.

---

the conviction is procured as the result of an undercover sting operation is of no relevance under the INA. *See United States v. Farner*, 251 F.3d 510, 512 (5th Cir. 2001) (holding that a conviction procured by a sting operation amounts to an attempt to commit sexual abuse).

[5] *See United States v. Galvan*, 699 F. App'x 314, 315 n.1 (5th Cir. 2017) (per curiam), *petition for cert. filed* (Feb. 13, 2018) (No. 17-7781).

No. 17-60042

That distinction, though colorable, is ultimately untenable. The government is correct that *Esquivel-Quintana* did not rule broadly on the generic definition of sexual abuse of a minor, but the opinion demonstrates that its holding applies to online solicitation of a minor.

First, the Court found that the statute of conviction must "prohibit certain sexual acts based at least in part on the age of the victim" and that "[s]tatutory rape laws are one example of this category of crimes." *Id.* at 1569. The Court thus thought its age-specific holding would apply to a category of crimes not unlike statutory rape. Online solicitation of a minor similarly criminalizes conduct based solely on the age of the participants.

Second, *Esquivel-Quintana* looked to the INA. Sexual abuse of a minor is categorized as an "'aggravated' offense" listed alongside murder and rape, 8 U.S.C. § 1101(a)(43)(A), which the Court called "among the most heinous crimes [the INA] defines as aggravated felonies." *Esquivel-Quintana*, 137 S. Ct. at 1570. Therefore, the Court concluded that "sexual abuse of a minor encompasses only especially egregious felonies." *Id.* If actual sexual intercourse with a seventeen-year-old is not "especially egregious," neither is the online solicitation of a seventeen-year-old.

The Court drew a distinction for statutes criminalizing sexual intercourse with a minor by someone who occupies a special relationship of trust. For those offenses, the age of consent can be higher than sixteen. *Id.* at 1571–72. Given the structure of the Court's reasoning regarding the age of consent and especially egregious crimes, *Esquivel-Quintana*'s generic definition of a minor as one under sixteen applies in the context of online solicitation of a minor. The age limit of sixteen applies equally to both subsections of § 33.021(a)(1). Thus, for the offense of online solicitation of a minor to be generic, the minor must actually be under sixteen, or the defendant must *believe*

## No. 17-60042

the minor is under sixteen. Therefore, § 33.021(c) is overbroad and does not qualify as sexual abuse of a minor for purposes of removability.

The petition for review is GRANTED. The decision of the BIA is REVERSED. This matter is REMANDED to the BIA for proceedings as needed.