# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-40024
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 9, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GERARDO MONTES-BARRIENTOS, also known as Gerardo Montes,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:17-CR-513-1

Before HIGGINBOTHAM, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Gerardo Montes-Barrietos appeals the sentence imposed following his guilty plea conviction for illegal reentry, arguing that the district court erred in sentencing him under 8 U.S.C. § 1326(b)(2) because he does not have a prior conviction for an aggravated felony. He asserts that in view of *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1569 (2017), his prior New Jersey conviction for endangering the welfare of a child does not qualify as sexual

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-40024

abuse of a minor because it does not require contact with the minor.    As Montes-Barrientos concedes, he did not raise this argument in the district court and, therefore, review is limited to plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

We have previously held that the generic definition of sexual abuse of a minor does not require physical contact as psychological harm may nevertheless occur.  *See Contreras v. Holder*, 754 F.3d 286, 294 (5th Cir. 2014). In *Shroff v. Sessions*, 890 F.3d 542, 545 (5th Cir. 2018), we stated that *Esquivel-Quintana* did not abrogate that precedent because the Court focused on the age requirement and made no express holding about whether contact was required.  Montes-Barrientos contends that the statement in *Shroff* was dicta.  It was not as it was indirect response to the defendant's argument in that case that contact was an element.  Moreover, even assuming arguendo that there was error, the error would not be plain.  *See Puckett*, 556 U.S. at 135; *see also United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009).

AFFIRMED.