# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 19-10982
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ADAM DONALD BENNETT,

Defendant - Appellant

———————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-96-1

———————

Before JONES, BARKSDALE, and STEWART, Circuit Judges.

PER CURIAM:[*]

Adam Donald Bennett pleaded guilty to one count of sexual exploitation of children, in violation of 18 U.S.C. §§ 2251(a) and (e). The district court sentenced him to, *inter alia*, a within-Sentencing Guidelines term of 600-months' imprisonment. Bennett asserts five claims of error in the district court's determining his sentence.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 19-10982

He, however, failed to preserve in district court four of those five claimed errors.  Review of the first four of the following five issues, therefore, is only for plain error.  *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).  Under that standard, Bennett must show a forfeited plain error (clear or obvious error, rather than one subject to reasonable dispute) that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009) (citations omitted).  If he makes that showing, we have the discretion to correct such reversible plain error but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.* (citation omitted).

First, Bennett contends the court erred by using his prior deferred adjudication for indecency with a child, in violation of Texas Penal Code § 21.11(a)(2), to apply the enhanced sentencing penalties set forth in 18 U.S.C. § 2251(e) (enhancing penalty for defendant's violating § 2251(a) when defendant has previous "conviction . . . under the laws of any State relating to", *inter alia*, "aggravated sexual abuse, sexual abuse, [or] abusive sexual contact involving a minor or ward").  According to Bennett, "deferred adjudication is not a conviction" under Texas law, and "federal courts defer to state law when assessing a 'conviction'" for purposes of § 2251(e).

Bennett (as he concedes) did not raise this issue in district court.  For the resulting plain-error review, he has not shown the requisite clear or obvious error because, as he correctly recognizes, his contention is foreclosed by *United States v. Ary*, 892 F.3d 787, 790 (5th Cir.) (noting deferred adjudication for indecency with a child is a "conviction" under the Texas Penal Code and federal law), *cert. denied*, 139 S. Ct. 394 (2018).

Second, Bennett asserts this previous Texas offense does not qualify as a prior conviction under 18 U.S.C. § 2251(e) because Texas Penal Code

No. 19-10982

§ 21.11(a)(2) defines a minor more broadly than the generic definition. As Bennett concedes, he did not raise this issue in district court.

For our plain-error review, and as Bennett correctly recognizes, his contention is foreclosed by our precedent. *See United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000) ("The best 'ordinary, contemporary, common' reading of the phrase 'sexual abuse of a minor' [from 18 U.S.C. § 2251(a)] is that it encompasses a violation of Texas Penal Code § 21.11(a)(2). The victim of a § 21.11(a)(2) offense, 'a child younger than 17 years,' is clearly a 'minor.'"). Further, his assertion that we should reconsider *Zavala-Sustaita* in the light of the Supreme Court's decision in *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562 (2017), lacks merit. Unlike the immigration statute at issue in *Esquivel-Quintana*, 18 U.S.C. § 2256 unambiguously defines "minor", as used in § 2251(a), as "any person under the age of eighteen years". 18 U.S.C. § 2256(1); *see also Esquivel-Quintana*, 137 S. Ct. at 1567. There is, therefore, no need to rely on *Esquivel-Quintana*'s generic definition of minor. *See Esquivel-Quintana*, 137 S. Ct. at 1568. In short, there is no clear or obvious error.

Third, Bennett contends his previous Texas offense does not qualify as a prior conviction under 18 U.S.C. § 2251 because Texas Penal Code § 21.11(a)(2) does not require the offender make physical contact with the minor. Once more, Bennett (as he concedes) failed to preserve this issue in district court.

Under our limited plain-error review, and as Bennett again correctly recognizes, this contention is also foreclosed by our precedent. *See Contreras v. Holder*, 754 F.3d 286, 294 (5th Cir. 2014) ("[A] sexual act does not require physical contact with a minor to be abusive, since psychological harm may occur even without such contact and can be equally abusive". (citing *Zavala-Sustaita*, 214 F.3d at 604–05)). Additionally, to the extent Bennett asserts we

3

should reconsider *Contreras* in the light of *Esquivel-Quintana*, our court has previously held that *Esquivel-Quintana* did not abrogate our court's precedent that physical contact with a minor is not required for a sexual act to be abusive. *See Shroff v. Sessions*, 890 F.3d 542, 545 (5th Cir. 2018).  Once again, there was no clear or obvious error.

Fourth, Bennett contends the district court erred in considering the conduct underlying his previous arrest for indecency with a child because the Texas grand jury "no-billed" the criminal charge.  Bennett (as he concedes) did not raise this contention in district court.

For this final plain-error review, Bennett contends this issue is foreclosed by *United States v. Fields*, 932 F.3d 316 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 1299 (2020).  In *Fields*, our court stated:  a no-bill under Texas law is "nothing more than the decision by a particular grand jury that the specific evidence before it did not convince it to charge the defendant with an offense"; and "[b]y itself, the no-bill cannot transform a factual recitation with sufficient indicia of reliability into one that lacks such indicia".  *Id.* at 323.

It is not clear, however, that *Fields* squarely governs the result here.  As stated in *Fields*, that appeal "d[id] not require [our court] to address whether a grand jury no-bill precludes a sentencing court's ability to find by a preponderance that the defendant committed *the particular no-billed offense*, and neither party [in *Fields* had] ask[ed] us to do so".  *Id.* at 324 (emphasis added).  Rather, "[t]he district court relied on sufficiently reliable evidence to find that [defendant] had committed *the underlying activities* and [determined defendant's sentence] in part upon *those activities*".  *Id.* (emphasis added).  Bennett, by contrast, asserts, *inter alia*, "[t]he district court had an inadequate factual basis to conclude that [he] committed *two offenses* for which he had been no-billed".  (Emphasis added.)

No. 19-10982

In any event, "[i]t is well-established that prior criminal conduct not resulting in a conviction may be considered by the sentencing judge". *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (per curiam) (citation omitted). As discussed, this includes activities underlying a Texas no-billed offense. *See Fields*, 932 F.3d at 323–24.

By adopting Bennett's presentence investigation report (PSR), the court implicitly found that, even though the Texas grand jury did not indict Bennett for indecency with a child, a preponderance of the evidence showed that he engaged in the conduct the PSR described. For that description, the PSR relied on an offense report generated by local law enforcement and a report from Child Protective Services. These documents provided "an adequate evidentiary basis with sufficient indicia of reliability", and Bennett "d[id] not present rebuttal evidence or otherwise demonstrate that the information in the PSR [was] unreliable". *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (per curiam) (citation omitted). Accordingly, Bennett has not shown the requisite clear or obvious error in the district court's considering the PSR's description of the conduct underlying his prior arrest for indecency with a child. *See id.* (citation omitted).

Finally, for the only issue not reviewed for plain error, Bennett contends his 600-month sentence, at the top of his advisory Guidelines sentencing range, is substantively unreasonable because the court failed to give adequate weight to the abuse his pastor inflicted on him while a youth. Although post-*Booker* the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence, as in this instance, is reviewed for substantive reasonableness under an abuse-of-

discretion standard. *Id.* at 51; *see also, e.g.*, *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, the district court's application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008) (citation omitted).

Additionally, we "appl[y] a rebuttable presumption of reasonableness to a properly calculated, within-[G]uidelines sentence". *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009) (citation omitted). "The presumption is rebutted only upon a showing that the sentence does not account for a factor that should receive significant weight, it gives significant weight to an irrelevant or improper factor, or it represents a clear error of judgment in balancing [the] sentencing factors" in 18 U.S.C. § 3553(a). *Id.* (citation omitted). Defendant's "mere belief that the mitigating factors presented for the court's consideration should have been balanced differently is insufficient to disturb this presumption". *United States v. Alvarado*, 691 F.3d 592, 597–98 (5th Cir. 2012) (citation omitted).

In this instance, the district court: adopted the findings and calculations in Bennett's PSR; considered Bennett's abuse as a youth and other mitigating circumstances; expressed concern regarding the "disturbing" and "dangerous" nature of Bennett's offense and prior conduct; and considered the 18 U.S.C. § 3553(a) sentencing factors. Bennett, consequently, has not rebutted the presumption of reasonableness afforded his within-Guidelines sentence. *See Cooks*, 589 F.3d at 186 (citations omitted).

AFFIRMED.