# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 10, 2022

Lyle W. Cayce
Clerk

No. 21-60697

Byron Jeovany Sanchez-Fuentes,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 075 474 809

Before Smith, Clement, and Haynes, *Circuit Judges*.

Per Curiam:[*]

Byron Sanchez-Fuentes is a native and citizen of Guatemala and a lawful permanent resident of the United States. In 2019, he pleaded guilty of Sexual Indecency with a Minor in violation of Section 5-14-110 of the Arkansas Code. As a result, the Attorney General charged him as removable for

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

committing the crime of "sexual abuse of a minor."[1]  An immigration judge sustained that charge, and the Board of Immigration Appeals adopted and affirmed that decision.  Sanchez-Fuentes petitions for review.

We deny that petition.  Sanchez-Fuentes is removable because his Section 5-14-110 conviction qualifies as "sexual abuse of a minor."  To determine whether that is so, we apply the categorical approach.  *Esquivel-Quintana v. Sessions*, 137 S. Ct. 1562, 1567–68 (2017).  "Under that approach, we ask whether the state statute defining the crime of conviction categorically fits within the generic federal definition of a corresponding aggravated felony" that would make the alien removable.  *Id.* at 1568 (quotation omitted).  "In other words, we presume that the state conviction rested upon the least of the acts criminalized by the statute, and then we determine whether that conduct would fall within the federal definition of the crime."  *Id.* (alterations adopted and quotation omitted).

The generic definition of sexual abuse of a minor has three elements.  The defendant's conduct must "(1) involve a [minor], (2) be sexual in nature, (3) and be abusive."  *Shroff v. Sessions*, 890 F.3d 542, 544 (5th Cir. 2018).[2]  Each of the five ways of violating Section 5-14-110 meets those elements, so Sanchez-Fuentes's conviction qualifies as sexual abuse of a minor.

*First*, a defendant cannot violate Section 5-14-110 unless the victim is a minor.  The generic definition of "minor" is someone who is younger than sixteen or who claims to be younger than sixteen.  *Esquivel-Quintana*, 137 S. Ct. at 1568; *Shroff*, 890 F.3d at 545.  That definition covers three ways

---

[1] 8 U.S.C. § 1227(a)(2)(A)(iii) (stating that an alien who commits an "aggravated felony" is removable); *id.* § 1101(a)(43)(A) (defining "aggravated felony" to include "sexual abuse of a minor").

[2] Sanchez-Fuentes disputes that this is the proper standard, but the rule of orderliness requires us to reject that contention.

No. 21-60697

of violating the statute.[3] A person younger than eighteen can also qualify as a "minor" in this context if the defendant occupied "a special relationship of trust" during the abuse.[4] That rule takes care of the last two ways of violating Section 5-14-110.[5]

*Second*, a defendant cannot violate Section 5-14-110 without engaging in sexual conduct. One way of violating the statute is by soliciting "[s]exual intercourse," "[d]eviate [*sic*] sexual activity," or "[s]exual contact" from a person younger than fifteen. ARK. CODE § 5-14-110(a)(1). And the remaining ways of contravening the statute require conduct intended for sexual arousal or gratification.[6] All that conduct qualifies as "sexual in nature." *Shroff*, 890 F.3d at 544.

*Third*, a defendant cannot violate Section 5-14-110 without engaging in abusive conduct. Abusive conduct includes actions that expose children to the risk of "psychological harm." *Contreras v. Holder*, 754 F.3d 286, 294 (5th Cir. 2014). Soliciting a child to engage in sexual acts creates such a risk. *United States v. Ramos-Sanchez*, 483 F.3d 400, 403 (5th Cir. 2007). So the first way of infringing Section 5-14-110, which involves solicitation, qualifies as

---

[3] ARK. CODE § 5-14-110(a)(1) (minor younger than fifteen or someone who claims to be younger than fifteen); *id*. § 5-14-110(a)(2) (same); *id*. § 5-14-110(a)(5) (minor younger than fourteen).

[4] *See Shroff*, 890 F.3d at 545; *see also Esquivel-Quintana*, 137 S. Ct. at 1572; *Thompson v. Barr*, 922 F.3d 528, 535 (4th Cir. 2019).

[5] ARK. CODE § 5-14-110(a)(3) (minor abused by corrections official, mandated reporter, "parent or guardian, an employee in the minor's school or school district, a temporary caretaker, or a person in a position of trust and authority over the minor"); *id*. § 5-14-110(a)(4) (same); *see also id*. § 5-14-101(7) (defining "minor" as "a person who is less than eighteen (18) years of age").

[6] ARK. CODE § 5-14-110(a)(2)(A) (conduct that has the "purpose to arouse or gratify a sexual desire of himself or . . . another person"); *id*. § 5-14-110(a)(3) (same); *id*. § 5-14-110(a)(4) (similar); *id*. § 5-14-110(a)(5) (similar).

No. 21-60697

abusive. *See* ARK. CODE § 5-14-110(a)(1).

The story is the same for the last four ways of violating Section 5-14-110. "[W]e have established a per se rule that gratifying or arousing one's sexual desires in the presence of a child is abusive because it involves taking undue or unfair advantage of the minor." *Contreras*, 754 F.3d at 294–95 (quotation omitted). The remaining ways all involve conduct intended for those purposes.[7] So a person cannot violate Section 5-14-110 without committing acts that meet the generic definition of sexual abuse of a minor. As a result, Sanchez-Fuentes is removable.

Sanchez-Fuentes raises three objections, but none has merit.

*First*, Sanchez-Fuentes observes that Section 5-14-110 criminalizes more conduct than does 18 U.S.C. § 2243(a), which creates the federal crime titled "sexual abuse of a minor." Despite the shared name, however, the Supreme Court has explicitly rejected the notion that Section 2243(a)'s definition of "sexual abuse of a minor" is the generic definition of that crime for purposes of immigration law. *Esquivel-Quintana*, 137 S. Ct. at 1570–71. *Shroff*'s definition is the one that matters here. *See* 890 F.3d at 544. Thus, even if Section 5-14-110 does not categorically match Section 2243(a), a Section 5-14-110 conviction still qualifies as sexual abuse of a minor.[8]

*Second*, Sanchez-Fuentes offers several hypotheticals that purportedly show that Section 5-14-110 criminalizes conduct that does not qualify as sexual abuse of a minor. He claims that a sixteen- to eighteen-year-old babysitter

---

[7] ARK. CODE § 5-14-110(a)(2)(A) (conduct that has the "purpose to arouse or gratify a sexual desire of himself or . . . another person"); *id*. § 5-14-110(a)(3) (same); *id*. § 5-14-110(a)(4) (similar); *id*. § 5-14-110(a)(5) (similar).

[8] Section 2243 is not the only federal statute addressing this general area. *See, e.g.*, 18 U.S.C. § 2422(b).

could violate Section 5-14-110 by engaging in consensual sexual conduct with a minor of the same age.[9]  A babysitter can occupy a position of trust for purposes of sex crimes in Arkansas.  *See Rowland v. State*, 528 S.W.3d 283, 286 (Ark. Ct. App. 2017).  But we are skeptical that one teenager would ever have "custodial responsibility" over another of the same age, as required to fall within Section 5-14-110's ambit.  *See Nelson v. State*, 384 S.W.3d 534, 536 (Ark. 2011) (quotation omitted).  In any event, Sanchez-Fuentes hasn't identified a case in which Arkansas applied the statute to that hypothetical conduct.  That's required for him to show that Section 5-14-110 applies to nongeneric conduct, so this objection fails.  *Fakhuri v. Garland*, 28 F.4th 623, 629 (5th Cir. 2022).

*Third*, Sanchez-Fuentes claims that Section 5-14-110 cannot qualify as sexual abuse of a minor because the statute is unconstitutional as applied to solicitations of legal sexual activity.  *See Worsham v. State*, 572 S.W.3d 1, 7–9 (Ark. Ct. App. 2019).  But Sanchez-Fuentes cites no authority for his claim that a statute with unconstitutional applications can never be a categorical match for a generic crime.  Indeed, by reducing Section 5-14-110's scope, *Worsham* seems to make it easier for "the least of the acts criminalized by the statute" to match the generic crime.  *Esquivel-Quintana*, 137 S. Ct. at 1567.  That case does not save Sanchez-Fuentes.

The petition for review is DENIED.

---

[9] *See* ARK. CODE § 5-14-110(a)(3) (including abuse by "a temporary caretaker[ ] or a person in a position of trust and authority over the minor"); *id*. § 5-14-110(a)(4) (same).